JAMES DOYLE, Appellant, *vs.* MARY P. DOYLE, Appellee.

*Opinion filed April 22, 1915.*

1. EQUITY—*when it is not error to consolidate suit for partition and suit for divorce.* If after the filing of a bill for partition by the complainant against his wife he files a bill for divorce against her, which requires the court to take the real estate into consideration and to adjust the property rights of the parties, it is not error to consolidate the two proceedings, especially where the parties were given separate hearings in the two cases before the same chancellor.

2. DIVORCE—*when decree will not be reversed on the evidence.* A decree granting a divorce will not be reversed on the evidence where the evidence is ample to justify the decree and there is no such preponderance in favor of the unsuccessful party as would justify disturbing the findings of the chancellor, who saw and heard the witnesses.

3. SAME—*court, in divorce case, has power to dispose of the homestead.* In a divorce case the court has power to determine which of the parties shall be entitled to the use of the homestead and may dispose of the homestead estate according to the equities of the case.

4. SAME—*the court has power to allow alimony in gross.* In a divorce case the court has power to allow alimony in gross, and the amount to be allowed and whether in money or in property, real or personal, are matters largely within the discretion of the chancellor but subject to correction when that discretion is improperly exercised.

5. SAME—*party at fault forfeits right of dower.* The party at fault in a divorce case forfeits, while the party not at fault retains, the right of dower.

6. SAME—*court may award alimony under a general prayer for relief.* Under a general prayer for relief in a bill for divorce by

the wife the court has power to award alimony in accordance with the facts alleged in the bill and established by the evidence.

7. TRUSTS—*when doctrine of resulting trust has no application.* Where a deed to land is made to husband and wife with the knowledge and consent of both, the doctrine of resulting trust has no application, whether the money paid at the time of the purchase was the money of the wife or was partly hers and partly her husband's, the amount which each paid being in dispute.

APPEAL from the Circuit Court of Kane county; the Hon. MAZZINI SLUSSER, Judge, presiding.

JOSEPH M. MANLEY, and CHARLES H. FISHER, (ERNEST C. LUTHER, of counsel,) for appellant.

CLIFFE & CLIFFE, (J. C. JAMES, of counsel,) for appellee.

Mr. JUSTICE WATSON delivered the opinion of the court:

On August 26, 1913, James Doyle exhibited in the Kane county circuit court his bill for the partition of a certain eighty-acre tract of land, making defendants thereto his wife, Mary P. Doyle, and Polly F. Osborne, a mortgagee of the premises. The bill was answered by Mrs. Doyle only, and she filed a cross-bill seeking confirmation of her right of occupancy of the homestead and praying a decree establishing a resulting trust in her favor upon her husband's undivided one-half of the premises. Doyle answered the cross-bill, and replications were filed. On March 16, 1914, Doyle exhibited in said circuit court his bill for divorce and injunction, the defendants thereto being his wife and their son, Walter. The cause alleged for divorce was cruelty, and the injunction was sought to prevent interference with his personal liberty or his right to be upon and manage the farm and the personal property thereon. Mary P. Doyle, the wife, answered the bill and filed her cross-bill for divorce, charging her husband with drunkenness. She also prayed an injunction restraining him from

268 – 7

disposing of or encumbering the property. The cross-bill was answered and replications were duly filed. On motion of Mary P. Doyle, appellee here, opposed by James Doyle, the appellant, the bills and cross-bills above mentioned were ordered consolidated, but they nevertheless were tried, for the most part, separately. Only one decree was rendered, and by it the chancellor disposed of both of the cases, with their attendant cross-bills.

By the decree the court finds the appellee not guilty of the cruelty charged and finds appellant guilty of drunkenness, as charged. The wife is awarded the divorce and the husband's application therefor is held to be without equity. The court finds appellant is entitled to partition upon his bill and that the farm was bought from Polly F. Osborne for $7000, of which amount appellee paid $3000 from her personal funds, appellant having paid nothing, the balance of $4000 being secured by a purchase money mortgage, the deed having been made to Mary P. Doyle and James Doyle with the knowledge and consent of both. The decree finds that $500 has been paid on the mortgage and that there remains unpaid $2500, with interest at five and one-half per cent for fourteen months; that said $500 was borrowed from a local bank, and a judgment therefor, with accrued interest, fees and costs, now stands against the parties and against the land, amounting to $565. The decree further finds that James and Mary P. Doyle each has an estate of homestead in the land and that she now lives thereon with three of their four children; that there is on the farm personal property valued at $1542, owned by both, and debts and family expenses of the sum of $268.50; that there is in the hands of the appellee a balance of $78.24, as receiver of the premises under a former order. The decree awards to the appellee, as alimony in gross, (1) the interest of appellant in the personal property; (2) $500 to be paid by appellant within three months; and (3) the said balance in her hands as receiver. Appellee is required to

pay said balance of $268.50 of family debts. The decree further allows a lien upon the farm in favor of appellee in the sum of $3000 paid by her on the purchase price, the same to be paid to her in case of sale; establishes and confirms in her an estate of homestead and transfers to her the estate of homestead of the appellant, and bars dower of appellant in his wife's half of the land and establishes her right of dower in his one-half thereof. Subject to the lien of the mortgage, the bank judgment, the $3000 of purchase money and the wife's homestead right, appellant and appellee are decreed to be equal owners of the land as tenants in common and partition is accordingly ordered, provided the share of appellant therein is also subject to dower and to a lien for $500 alimony and the share of appellee is free of dower. In case partition shall be made, the decree makes one-half of said $3000 of purchase money, together with said $500 of alimony, a lien on such premises as shall be set off to appellant, and provides that neither party shall re-marry within one year unless to the other.

Appellant, by compliance with the terms of the order granting an appeal, brings the decree before this court for review and submits the following objections to the decree and action of the court: First, the consolidation of the partition and divorce suits; second, errors alleged to have been committed in admitting and excluding evidence; third, granting the divorce to appellee and refusing it to appellant; fourth, awarding homestead to appellee; fifth awarding alimony, none having been asked for by the pleadings; sixth, that the decree is contradictory, indefinite and inequitable; and seventh, in establishing the $3000 lien in favor of appellee.

There is a palpable mistake in the decree, but as it is clearly a mistake of the draughtsman rather than of the court and does not affect the rights of any party to the suit, we will not consider a reversal on account of it. The purchase money mortgage was for the sum of $4000. Up-

on the principal $1500 had been paid, viz., two $500 pay-ments from the proceeds of the farm and labor of the parties and one $500 payment with money borrowed from the bank. Of the principal $2500 is left unpaid, and the court so finds, but also specifically finds and holds that only one $500 payment has been made, and that with the money borrowed.

We have consolidated and re-numbered, for convenience, the errors assigned above and will dispose of them in the following order:

*First*—As to the consolidation of the suits. The proper disposition of the divorce suit required the court to take the real estate into consideration, as in such case it was the duty of the court to adjust the property rights of the parties in the event either should be shown to be entitled to a divorce. It would therefore have been unwise and not to the advantage of the parties to permit the partition suit to be disposed of, with the divorce suit pending. We approve of the action of the court in this behalf, especially in view of the fact the parties had separate hearings in the two cases before the same chancellor. *Iglehart* v. *Chicago Marine and Fire Ins. Co.* 35 Ill. 514; *New York Mutual Life Ins. Co.* v. *Hillmon,* 145 U. S. 285.

*Second*—As to whether a divorce should have been granted to either party, and if so, to which, the evidence leaves a grave doubt. The chancellor, who saw and heard the witnesses, is the more competent to determine as to their credibility, and there is no such preponderance of the evidence in favor of appellant, if any preponderance, as would incline us to disturb his finding. The parties had lived together as husband and wife perhaps twenty-seven years, and during most of the time, especially of late years, the waters through which their ship had sailed were stormy. Where the fault lay originally we do not know, but the evidence is ample to justify the decree for divorce in favor of the wife, whatever might be said the other way. They

have had five children, four of whom are living and grown, three being at home with the mother. During two or three years prior to the divorce the only son had been the real man of business on the farm, although still but a boy.

*Third*—The decree, after finding a homestead right in each, awards the homestead to appellee. We do not agree with the appellant's contention that this is contradictory. Neither do we agree, as he contends, that the court is without power, under the statute and the rules of equity practice, to transfer the estate of homestead, or, rather, to determine which shall enjoy its use when both cannot. By her pleadings appellee asked the court to confirm and protect her right of occupancy of the homestead, and we think that prayer, although not as full and specific as the decree on the same subject, is sufficient to support the relief granted. Appellant insists the court is without authority to dispose of the estate of homestead except by the consent of the owner of the homestead, evidenced in writing, as provided by statute. Such consent, of course, could not usually be obtained in a divorce case, and this court held in *Bobowski* v. *Bobowski,* 242 Ill. 524, on page 530: "In case of a divorce, the court granting the divorce may dispose of the homestead estate according to the equities of the case." See, also, *Bonnell* v. *Smith,* 53 Ill. 375; Waples on Homestead and Exemption, sec. 5, p. 67; Hurd's Stat. 1913, chap. 52, sec. 5, p. 1244.

*Fourth*—The allowance of alimony in gross is clearly within the scope of the court's authority, and the amount to be allowed and whether in money or in property, real or personal, are matters largely within the discretion of the chancellor but subject to correction when that discretion is improperly exercised. In this case the allowance included all the personal property and money, a total of $1616.28, and the sum of $500 to be paid within a short day fixed by the court and made a lien upon appellant's interest in the land. It is claimed the total, taken in connection with

the homestead allowance, is grossly excessive and amounts to oppression, but we do not adopt that view after a full and careful consideration of the evidence. We are asked, however, to determine whether an alimony allowance can be made at all when not asked for or in any manner referred to in the pleadings, the general rule being, as is well understood, that the successful party is entitled to no other or different relief than was prayed for in the bill, and the allegations, as well as the proof, must be sufficient to sustain the decree. (*Higgins* v. *Higgins,* 219 Ill. 146; *Angelo* v. *Angelo,* 146 id. 629.) But very respectable authorities hold the allowance of alimony is a mere incident or appendage to a divorce suit and need not be mentioned in the pleadings, and alimony has been granted although not specifically prayed for either in the original bill or by petition. (*McEwen* v. *McEwen,* 26 Iowa, 376; 1 R. C. L. 922, sec. 71; *Lynde* v. *Lynde,* 48 L. R. A. (N. Y.) 679; *Galusha* v. *Galusha,* 138 N. Y. 272; 2 Bishop on Marriage and Divorce,—6th ed.—sec. 487.) So far as the Illinois cases are concerned, appellee relies upon a rule which is in some sense an exception to the aforementioned rule, viz., where a bill in chancery contains a general prayer for relief it will be considered sufficient to support a decree warranted by the facts alleged in the bill and established by the evidence. *Walker* v. *Converse,* 148 Ill. 622; *Shields* v. *Bush,* 189 id. 534.

*Fifth*—What has been said above disposes of the objection covered by the words "indefinite, contradictory and inequitable," in the assignments of error, except what shall be said here and in our sub-head numbered 6.

Appellant contends it is inequitable to hold he cannot have the right of dower in appellee's real estate while her right of dower in his real estate is by the decree established and confirmed. It is elementary, nevertheless, that the party at fault in a divorce case forfeits, while the party not at

fault retains, the right of dower. We are furnished with no authority to the contrary.

*Sixth*—There was a sharp controversy as to who owned the $3000 paid as part of the purchase price when the farm was bought, in 1904, both at the time of the purchase and during the trial of the consolidated cases. There is no controversy as to the facts surrounding the making of the deed. Appellee testified in the partition case on that subject that she and the appellant talked about it at the farm and about how they would buy it, and said: "There was no talk in the court house on that day between James Doyle and myself in regard to having his name put in the deed. There was at home. He wanted the deed in his name. I objected, and said, 'Jim, you take the forty over there and let me have the forty where the house is.' He got mad and said no,—he wanted his name in the deed. Then I said, 'My name must be first.' My name did go on first. I told him why I wanted it that way. I wanted it understood that I had a claim on that place. He had nothing to put in it." In the divorce case she testified as follows: "Two months later we came to Geneva to close up the deal. Mrs. Osborne was at Geneva for one, and she had a friend with her, and then there was just Jim and myself. I had this talk with my husband about having two deeds made among ourselves, at home. I said, 'Jim, I wish you would give me the forty acres,—or let me have the forty acres,— where the house is, so that I could have a home.' He said, 'Well, I am not going to be stuck off by the fence.' I said, 'You are going to come in on the deed anyway.' I was willing to have his name on it. It was for the sake of peace I done it. He had no money to put in it."

The evidence shows there was no conversation on the subject at Geneva when the deed was made, and it presumably was made as the parties directed. It was made to both, is in the statutory form, and contains no reservation and no statement of fact out of the ordinary. If from

these facts a resulting trust could be inferred, the right thereto would not be barred by limitation, as is contended by appellant, and *laches* is not to be imputed to appellee, she being at all times in possession with appellant. (*Bush* v. *Stanley*, 122 Ill. 406; *Boyd* v. *Boyd*, 163 id. 611.) But the doctrine of resulting trust has no application under the facts proven. If the $3000 paid down on the land was the money of the appellee, (which is not free from doubt,) she must be held to have made a voluntary gift of it to her husband. (*Cooper* v. *Cooper*, 76 Ill. ·57.) If the money was partly his own, as appellant claimed, and there was a dispute as to how much each owned, the plan adopted for making the deed settled that dispute and adjusted all differences on that subject. (*Duval* v. *Duval*, 153 Ill. 49; *Reed* v. *Reed*, 135 id. 482; *Francis* v. *Roades*, 146 id. 635.) If it be contended the $3000 was allowed as additional alimony in gross, the alimony would be excessive in amount and the decree would have to be reversed because of it. We hold the allowance of the item of $3000 in question is not equitable and constitutes reversible error, while the decree has our approval in all other respects. ○

For the error indicated the decree of the circuit court of Kane county is reversed and the cause will be remanded to that court, with directions to so modify the decree as to eliminate therefrom the establishment of a lien for said sum of $3000 upon the premises involved and to eliminate the requirement of the payment of one-half of that sum by appellant to appellee, and with leave to that court to correct its findings of fact so as to show the payment of three items, of $500 each, upon the principal of the Osborne mortgage. *Reversed and remanded, with directions.*