(No. 19981.)
CYRIL C. ENDICOTT, Admr., Appellee, vs. NELLIE RUDOLPH
et al.—(MATTIE RUDOLPH, Appellant.).

*Opinion filed February 21, 1930.*

W. W. DAILY, and HARRY ANDERSON, for appellant.

Mr. JUSTICE HEARD delivered the opinion of the court:

Appellant, Mattie Rudolph, has appealed from a decree of the county court of White county for the sale of real estate to pay debts and fixing dower in such real estate, entered on the application of Cyril C. Endicott, administrator of the estate of Fred L. Rudolph, deceased. The only part of the decree here in question is that fixing dower.

The facts are not disputed, as they were stipulated upon the trial. On May 29, 1895, Fred L. Rudolph and Nellie Rudolph were married at Omaha, Illinois. On March 6, 1925, they separated, and thereafter she removed to Toledo, Ohio, where she was living for some time prior to April 12, 1927, at which date Rudolph obtained a divorce from her in the circuit court of Jackson county, Illinois, on the ground of desertion. No question is raised as to the validity of the divorce. On July 27, 1927, Rudolph married appellant, Mattie Rudolph, and lived with her as her husband until his death, April 14, 1929. At the time of his death he owned the real estate described in the administrator's petition.

The decree of the county court provided that Nellie Rudolph, the divorced wife of Fred L. Rudolph, deceased, should have dower in the whole of the real estate of Rudolph, and that Mattie Rudolph, his surviving widow, should have dower in the remainder of his real estate. It is appellant's contention that the court erred in granting to Nellie Rudolph dower right in the estate of Rudolph and granting to Mattie Rudolph dower only in the remainder of the estate after awarding Nellie Rudolph dower.

Section 14 of chapter 41 of Cahill's Statutes of 1929 provides: "If any husband or wife is divorced for the fault or misconduct of the other, except where the marriage is void from the beginning, he or she shall not thereby lose dower nor the benefit of any such jointure, but if such divorce shall be for his or her own fault or misconduct, such dower or jointure, and any estate granted by the laws of this State in the real or personal estate of the other shall be forfeited." The language of this statute is plain and unambiguous, and since its passage it has been uniformly held that by virtue of a decree of divorce the right of dower of the person for whose fault or misconduct the decree is granted is thereby *ipso facto* forfeited in the real estate of the non-offending party. When on April 12, 1927, Fred L. Rudolph obtained a divorce from Nellie Rudolph for desertion it was granted for her fault or misconduct, and thereby her inchoate right of dower in his real estate was forfeited. (*Doyle* v. *Doyle,* 268 Ill. 96; *Elson* v. *Comstock,* 150 id. 303; *Rendleman* v. *Rendleman,* 118 id. 257.) The county court was therefore in error in awarding dower to Nellie Rudolph. Appellant was the wife of Rudolph at the time of his death, and she is therefore entitled to dower in his entire real estate.

The decree of the county court is reversed and the cause remanded to that court, with directions to enter a decree in accordance with the views herein expressed.

*Reversed and remanded, with directions.*