## Betty Jane Coons, Appellee, v. Lee A. Coons, Appellant.

## Gen. No. 11,474.

Second District, Second Division.

April 26, 1961.

James P. Moore, of Waukegan, for appellant.

J. D. Bairstow, of Waukegan, for appellee.

WRIGHT, J.

This is an appeal by defendant from a decree of the Circuit Court of Lake County, Illinois, entered on June 14, 1960, wherein the plaintiff, Betty Jane Coons, was granted a divorce from the defendant, Lee A. Coons, and awarded custody of their children.

Plaintiff originally filed a complaint for separate maintenance. The pleadings were amended by the plaintiff filing an amended complaint for divorce charging the defendant with desertion, and later an amendment to the amended complaint was filed by plaintiff alleging two acts of cruelty; one act of cruelty being alleged to have occurred on June 20, 1957, and the second on December 14, 1958. The cause was heard by the trial court, without a jury, and a decree of divorce was entered on the ground of defendant's extreme and repeated cruelty toward the plaintiff.

It is the theory and contention of the defendant that the trial court erred in entering a decree of divorce for the reason that the evidence fails to substantiate the charge of extreme and repeated cruelty. It is the position of the plaintiff that the specific acts of cruel-

ty about which the plaintiff testified are corroborated by other witnesses and that the trial court's finding that defendant was guilty of extreme and repeated cruelty is substantiated by the testimony in the record.

The plaintiff testified that in June, 1957, her husband had asked her to sign a note with him at the Antioch Bank in the amount of $850.00 and she agreed to do so provided she would receive $50.00. She testified when he obtained the money at the bank he told her "you are not going to get a dime of it." She grabbed for the money and the defendant struck her with his fist and cut her lip. She then ripped his shirt off and they had a terrible fight, but she still did not get the money. She further testified that as a result of this fight, she received bruises on her face and a cut lip. Mrs. Margie Blank, a witness called on behalf of the plaintiff, testified that she saw the plaintiff later on the day of this occurrence and that the plaintiff was crying, nervous and had a bruise on her lip and face. Mrs. Blank asked the plaintiff what happened and the plaintiff related to her the incident of the fight over the money and stated that the defendant had struck her. Miss Janet Humphrey, a daughter of Mrs. Margie Blank, testified on behalf of the plaintiff to the same effect as Mrs. Blank.

Concerning the alleged acts of cruelty in December of 1958, plaintiff testified that she was sleeping with their son, Thomas Coons, 13 years of age, and the defendant came into her bedroom and demanded she come into his bedroom and sleep with him. She stated that the defendant knocked their son out of bed and started beating on her with his fist; that her husband then dragged her off of the bed onto the floor and pulled and dragged her by one arm and leg through a hall into his bedroom. She further testified that she got away from him and locked herself in the bath-

room. Plaintiff testified that defendant was angry when he did this and as a result she received bruises on her back, thighs, ankles and arms and suffered pain. Plaintiff further testified that after this occurred, she decided that she could not live with her husband. Their son, Thomas Coons, was called as a witness on behalf of the plaintiff and he corroborated plaintiff's version of this incident including the fact that his father knocked him out of bed. The defendant denied that he had struck his wife in June, 1957, and in December of 1958, and in fact, testified that he had never struck his wife not even in self defense.

The attacks by defendant upon the plaintiff in June, 1957, and December, 1958, cannot be characterized as slight. Extreme cruelty within the meaning of the statute is shown where acts of physical violence are committed which produce pain and bodily harm. Curran v. Curran, 19 Ill. 2d 164, 166 N. E. 2d 13. Under all the circumstances shown by the record, we think the defendant's conduct as testified to by the plaintiff, constitutes extreme and repeated cruelty.

The charges of extreme and repeated cruelty are more than amply supported in the record and it cannot be said that the decree of the trial court is against the manifest weight of the evidence. The testimony given by the plaintiff in her own behalf is corroborated and substantiated by their son, Thomas Coons, and by the evidence of Mrs. Margie Blank and Miss Janet Humphrey.

Where the chancellor hears conflicting testimony in open court, his decision will not be disturbed unless it is manifestly against the weight of the evidence. The chancellor saw and heard the parties and each of their witnesses and was in much better position to ascertain the truth and detect falsehood than is a court of review. In such a case, this court is not justified in reversing the decree insofar

as it is dependent upon the weight and credence to be given to the testimony. Curran v. Curran, supra.

The Decree of the Circuit Court of Lake County, Illinois, is affirmed.

Decree affirmed.

CROW, P. J., concurs.

SPIVEY, J., concurs.