Violet Stockman, Plaintiff-Appellee, v. Leo G. Stockman, Defendant-Appellant.

Gen. No. 62-O-1.

Fourth District.

November 28, 1962.

Rehearing denied December 26, 1962.

Meyer & Meyer, of Belleville, for appellant.

McRoberts and Hoban, of East St. Louis (Royce B. Sheppard, of counsel), for appellee.

HOFFMAN, JUSTICE.

Defendant Leo G. Stockman appeals from a decree of divorce in favor of his wife entered by the City Court of East St. Louis. The ground alleged was extreme and repeated cruelty. The trial court found that the defendant was guilty of cruelty within the meaning of the Divorce Act. It is claimed by the husband that the conduct complained of is insufficient to support the charges made. He argues that the evidence fails to show "such grave cruelty that it endangered the life and subjected the plaintiff to great bodily harm." He relies principally on the case of Coolidge v. Coolidge, 4 Ill App2d 205, 124 NE2d 1 and DeCarlo v. DeCarlo, 8 Ill App2d 168, 129 NE2d 743.

Further, defendant reminds the Court, that it has been said that in divorce cases, the State occupies the

position of a third party and is interested in maintaining the integrity and permanency of the marriage relation as divorce "affects the home life and domestic relations of the people, the public morals, the prevailing system of social order and the welfare of every citizen." Nusser v. Nusser, 4 Ill App2d 538, 124 NE 2d 549; Ollman v. Ollman, 396 Ill 176, 71 NE2d 50.

In answer, plaintiff wife contends that cruelty under the Divorce Act has been stated by our Supreme Court to be an act of physical violence against a spouse resulting in pain and bodily harm. She cites the cases for this: Tuyls v. Tuyls, 21 Ill2d 192, 171 NE2d 779, Curran v. Curran, 19 Ill2d 164, 166 NE2d 13; Collinet v. Collinet, 31 Ill App2d 72, 175 NE2d 659; Coons v. Coons, 30 Ill App2d 325, 174 NE2d 231; Wesselhoeft v. Wesselhoeft, 369 Ill 419, 17 NE2d 56. She argues that the proofs will support such cruelty.

These cases have all been examined and are before this Court in examining the testimony produced at the hearing.

The parties were married December 29, 1942 and 3 children were born of the marriage, one of whom died. At the time of the trial, one child was approaching 6 years of age and one was nearly 4 years of age. The wife had a 19 year old son by a previous marriage. In February of 1959 the wife left and went to Arizona to live. The had separated on several previous occasions, once for a 3 month period.

█ The two acts of cruelty charged were based on the husband's conduct of January 15 and 27, 1959. On the first occasion the plaintiff testified that "he hit me on the shoulder and on the back, with his fist and bruised me." "On January 27, 1959", she said, "he hit me across the mouth and bruised me through my knee cap and up to my hip. My mouth was bruised on the outside and was cut on the inside." No one witnessed these 2 affairs. However, a witness

188

for plaintiff testified that 2 days after January 15, 1959, she saw bruises on plaintiff's neck and left shoulder. Another witness saw the bruises and saw plaintiff limping. Plaintiff's son testified that he knew his mother had trouble with her leg after January 27, 1959, the date of the 2d alleged act of cruelty.

Defendant husband, on his own behalf, categorically denied striking his wife on January 15 and on January 27, as claimed, but gave no explanation or version of anything that happened on either of these occasions.

■ ■ There is no way to tell how severe an act of physical violence actually is from reading a printed page in a brief. Just how severe the cruelty was in the authorities cited is also hard to determine. While every act of physical contact is not an act of cruelty within the statute, when it produces pain and bodily harm it will support a decree for divorce. Bruises, cuts, limping, and the like are not usually the result of slight acts of cruelty. While they are not alone the test, they may aid a trial judge to find that the acts of violence were acts of cruelty within the statute. The trial judge should also consider such other things as the physical condition of the parties, the provocation, the anger displayed and the like. Curran v. Curran, 19 Ill2d 164, 166 NE2d 13.

Acts of violence vary from case to case. "Each case must be considered upon all of its facts, including the conduct of the parties at the time of the occurrences, their physical and mental condition, the provocation, if any, and any other circumstances pertaining to the acts at the time of their commission." Curran v. Curran, supra.

■ In each case, as in this case, the trial judge has a better opportunity to see and hear the parties and to observe their witnesses than does the reviewing court. As stated in the Curran case, "the issues

depend largely on matters of credibility." Thus, the decision of the chancellor should not be disturbed unless it is manifestly against the weight of the evidence.

We have carefully reviewed the testimony of the witnesses as presented both in the abstract and additional abstract filed herein. We believe that the findings of the chancellor are not against the manifest weight of all the evidence and his findings will not be disturbed.

The decree appealed from is affirmed.

Affirmed.

SCHEINEMAN, P. J. and CULBERTSON J., concur.