**Camille A. Imbrie, Plaintiff-Appellee, v. Le Roy S. Imbrie, Defendant-Appellant.**

Gen. No. 52,131.

First District, Fourth Division.

April 3, 1968.

Becker and Becker, and Mitchell Kilanowski, of Chicago, for appellant.

Benjamin Daidone, of Chicago, for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

Defendant appeals from a decree granting a divorce to plaintiff on grounds of physical cruelty. He contends (1) that the divorce should not have been granted because the acts alleged did not constitute physical cruelty and that there was insufficient evidence to support the decree; (2) that the vesting of a fee in the husband's property as partial alimony was error; and (3) that it was error to make plaintiff the trustee of his life insurance policies in which the children were beneficiaries.

■ ■ Defendant's first contention is that the acts plaintiff complained of did not constitute grounds for divorce. The general rule is stated in Tuyls v. Tuyls, 21 Ill2d 192, 171 NE2d 779, at page 195:

> To establish cruelty within the meaning of our Divorce Act (Ill Rev Stats 1959, chap 40, par I) it is necessary to prove by a preponderance of the evidence that the guilty party has on at least two separate occasions committed acts of physical violence against his spouse resulting in pain and bodily harm, (Curran v. Curran, 19 Ill2d 164; Wesselhoeft v. Wesselhoeft, 369 Ill 419; Farnham v. Farnham, 73 Ill 497,) . . . .

See also Stockman v. Stockman, 38 Ill App2d 186, 186 NE2d 547. Plaintiff testified that as she was saying goodbye to her lady friends outside her cousin's home on February 4, 1962, defendant dragged her out of the car by the hair and into her cousin's house and beat her across the face while yelling and swearing. She said that her face was swollen and her nose bled profusely for almost an hour and a half and that she was bedridden for two days following the incident. One witness said that when she came into the house:

> . . . I saw blood all over Camille's face, my refrigerator, stove, cabinet and floor. She was on the

floor in a sitting position. She was covered with blood. Looked like blood was coming from her cheek and mouth. She was saying, help me. Mr. Imbrie was standing with his one hand on the cabinet. He looked like he was in a state of shock. He said, "Get off the floor and let's go home."

Plaintiff also testified that on November 10, 1965, while she and defendant and three of their children were driving on the expressway, plaintiff and defendant began arguing and defendant hit her on the arm with his fist, causing it to be black and blue and painful to move for about three days. We believe that these acts were sufficient, if proved, to sustain the granting of a divorce on the grounds of physical cruelty. See Berlingieri v. Berlingieri, 372 Ill 60, 22 NE2d 675.

■ Defendant argues that the act of cruelty allegedly occurring on November 10, 1965, was not adequately proved because it was uncorroborated. Two witnesses testified that on November 10, 1965, they noticed a large bruise on plaintiff's arm and that she told them how it got there. Defendant on direct examination denied striking his wife on this occasion but on cross-examination said: "I believe when I put my hand out it was opened. I have no idea whether or not it left a mark or bruise upon her person." We do not believe that the judge's finding was against the manifest weight of the evidence. Berlingieri v. Berlingieri, supra.

Defendant next alleges errors in the award of alimony. Defendant is an airline pilot and at the time of trial was receiving $1,250 per month in take-home pay plus an expense account averaging between $100 and $125 per month. It was stipulated that he was soon to receive a raise to $2,300 per month before taxes. The parties had five children ranging from three to fifteen years of age. They owned their home in joint tenancy. The decree awarded $500 per month in child support and $150

per month in alimony. The decree also provided that the plaintiff, who retained custody of all five children, was to receive defendant's interest in the home, subject, however, to a mortgage in excess of $10,000.

 Defendant claims that it was error to award to plaintiff defendant's interest in the home. He argues that a divorce decree should not transfer a fee in the husband's realty to his wife unless justified by special equities (Byerly v. Byerly, 363 Ill 517, 2 NE2d 898) and that no special equities were shown in the instant case. In awarding the home to the plaintiff in the instant case the trial judge said:

> That from the evidence regarding the needs of the plaintiff and her five children, the Court finds that a hardship would be created upon the entire family unless the marital home were awarded to the plaintiff as a partial award of alimony for the use of the plaintiff and the five minor children and to house and shelter them, . . . .

We believe that special equities sufficient to justify this conveyance were shown.

 Defendant, however, argues that this is an award in gross and can only be in lieu of all other alimony under Section 18 of the Divorce Act.* The sentence from that section which defendant relies upon reads:

> The court may order the husband or wife, as the case may be, to pay to the other party such sum of money, or convey to the party such real or personal property, payable or to be conveyed either in gross or by instalments as settlement in lieu of alimony, as the court deems equitable.

---

* Ill Rev Stats, 1965, c 40, § 19, referred to as section 18 of the Divorce Act.

In Walters v. Walters, 409 Ill 298, 99 NE2d 342, the court discussed the definition of alimony in gross and said at page 302 that alimony in gross is "an amount agreed upon or determined *in full* or *in lieu of all alimony* and the amount is frequently payable in installments." (Emphasis added.) Thus alimony in gross refers to those alimony arrangements where the entire award is a vested and determined amount and not subject to change. In referring to the conveyance of the home in the decree, the judge said: "[T]his award shall not be regarded as alimony in gross but only as a partial award of alimony in installments. . . ." He then proceeded to decree a monthly award of $150. We cannot find these awards to be alimony in gross. Although the statute permits transfers of property as settlements in lieu of all alimony, we believe that real property can be a part of an alimony award if the special equities requirement is satisfied. (Byerly v. Byerly, supra.) We see no need to engraft a requirement on the act that any conveyance of real property be considered to be in lieu of all other alimony.

Section 18 of the Divorce Act provides in part:

> When a divorce shall be decreed, the court may make such order touching the alimony and maintenance of the wife or husband, the care, custody and support of the children, or any of them as, from the circumstances of the parties and the nature of the case, shall be fit, reasonable and just.

Under the circumstances of this case we find the judge's conclusions as to the awards to be fit, reasonable and just.

■■ Defendant's final contention is that the court erred in requiring him to name the plaintiff trustee of his life insurance policies on behalf of the children. He argues that he was a good father and provider and that

there is no justification for not allowing him to dispose of the proceeds of the insurance policies as he sees fit. However, the evidence showed defendant was $455 in arrears in his payments of temporary alimony and child support at the time of the entry of the decree. Section 18 of the Divorce Act provides: "In any order entered pursuant to this section, the court may order the defendant to give reasonable security for such alimony and maintenance . . . ." This principle should certainly be applied as well to the support of children. Additionally, defendant testified that the children were the beneficiaries under a trust with his father as trustee; the court found that since defendant had the right to change the beneficiary, the children or a trustee on their behalf should be irrevocably named. We find no error in this finding.

The decree of the Circuit Court is affirmed.

Affirmed.

McCORMICK, P. J. and ENGLISH, J., concur.