**Riley Still, Plaintiff-Appellant, v. Bernadine Still, Defendant-Appellee.**

Gen. No. 10,921.

Fourth District.

June 19, 1968.

Brice Irving, Grigsby & Irving, of Pittsfield, for appellant.

Schimmel & Schimmel, of Pittsfield (A. W. Schimmel, of counsel), for appellee.

TRAPP, J.

The plaintiff, Riley Still, appeals from a decree which denied his complaint for divorce alleging desertion, and which granted a divorce upon his wife's counterclaim alleging cruelty and adultery. The decree awarded alimony in gross in the sum of $10,000 to be paid in semi-annual installments of $1,000.

Neither pleadings nor decree are contained in the abstract, or additional abstract presented, and it appears that only portions of the testimony are included. As a result the issues are difficult of precise definition.

■ ■ Plaintiff urges error in the determination by the court of the claims of the parties concerning the alleged cruelty charged in the counterclaim, and the denial of divorce upon the allegations of desertion. Upon the first point, the testimony of the wife is corroborated by the testimony of the two children of the parties.

As to the latter point, the only testimony is that of plaintiff and his wife. Plaintiff argues that his testimony is unimpeached. While technically true, such testimony is, however, contradicted by other witnesses upon the facts at issue. Here the trial judge observed the witnesses in their respective manners in testifying. It is axiomatic that he has the superior means to measure credibility. The appeal presented does not persuade that his findings were contrary to the manifest weight of the evidence.

It is urged that the trail court erred in denying plaintiff's defense of condonation to the alleged acts of cruelty. To speak precisely, there is no such defense presented in the abstract. There is a fragment of testimony by plaintiff which might constitute a claim of acts of condonation, but such were denied by the wife. The trial court commented upon such testimony in the light of the circumstances in evidence, and again, he made a determination of credibility. He also considered the testimony in the light of conduct which would revive the original grounds of the wife for relief.

Finally, it is contended that the amount of alimony in gross is so excessive as to require plaintiff to divide and sell his farmland. As noted by the trial court, there is little evidence to support such argument. The propriety of alimony in gross is not actually raised in this appeal. Schwarz v. Schwarz, 27 Ill2d 140, 188 NE2d 673. Plaintiff testified that he had offered his wife $3,000 in settlement of all her rights and claims. Upon argument here he states that $5,000 would be an acceptable amount of alimony.

The parties were married in 1944 and have two children, who live away from home. The wife is 44 years of age and has been a farm wife for practically all her adult life. Since the separation she has worked as a babysitter and as a waitress, earning $27 a week. The plaintiff

owns 250 acres of substantially tillable land in Brown and Adams Counties, as well as an undisclosed amount of livestock. The value of the farmland is a matter of dispute in the record, and only plaintiff's opinion sustains his claim of minimal value. There is some evidence he farmed, or has farmed, other land as a tenant during the years. The record shows nothing concerning his annual income.

■■■■ In awarding the alimony the facts to be weighed are the means and needs of the parties. It has been held that excessiveness of alimony in gross is not determined by comparison with annual income, for the responsibility of the spouse for support and maintenance terminates with the payment of the same award. Schwarz v. Schwarz, 27 Ill2d 140, 188 NE2d 673; Katauskas v. Katauskas, 67 Ill App2d 33, 213 NE2d 420. If the amount of alimony in gross is, in fact, excessive, such is not demonstrated in the record presented.

The judgment of the court below is affirmed.

Affirmed.

SMITH, P. J. and CRAVEN, J., concur.