SHIRLEY A. COLVIN, Plaintiff-Appellee, *v.* KENNETH V. COLVIN, Defendant-Appellant.

(No. 70-103; ▬▬▬▬)

Third District—May 3, 1971.

*Rehearing denied June 14, 1971.*

Harold G. Lindholm, of Peoria, for appellant.

Sours, Newell & Nicol, of Peoria, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

A decree of divorce was granted Plaintiff-Appellee, Shirley Colvin, against Defendant-Appellant, Kenneth Colvin. The decree of the Circuit Court of Peoria County included provisions relating to the division of the real and personal property owned by the parties, alimony in gross for the plaintiff and support for the minor children. Defendant has appealed from the portion of the decree relating to the division of the real and personal property and the awarding of alimony in gross and support for the minor children.

Plaintiff, Shirley Colvin, and Defendant Kenneth Colvin, were respectively 39 and 37 years of age at the time of this action. They had been married 19 years and had three children. The oldest a son was 18 years of age in the armed services and therefore emancipated. The second child a daughter, was 17 years of age and will have graduated from high school in June, 1970, with the third child also a daughter being 12 years old. At the time of the hearing plaintiff with her two daughters lived in what had formerly been the family residence owned in joint tenancy in Bartonville, Illinois. The estimated equity of the parties in the residence was $10,000 with monthly payments on the mortgage being $95.00. Plaintiff was in poor health, untrained and in the previous three years had earned sums ranging from $350.00 to $500.00 per year performing domestic services and yard work for a local mortuary. Defendant was a journeyman pipefitter and was and had been employed by Central Illinois Light Company for 19 years. His hourly rate was $4.37 or gross wages of about $350.00 every two weeks. Defendant testified concerning the deductions from his gross wages including taxes, hospitalization, life insurance, pension fund, etc.

The trial court in its decree ordered the defendant to pay alimony in gross by transferring his interest, of the value of $5,000, in the family home to the plaintiff, plus an amount payable in installments to February 4, 1972; and to pay mortgage payments on the home, real estate taxes, and fire insurance on the family home, and not to exceed $200.00 medical and dental expenses for plaintiff until February 4, 1972. The itemization of defendant's obligations under the decree, all of which terminate February 4, 1972, are as follows: Defendant's equity in the family home, $5,000.00; Twenty-six mortgage payments, $2,470.00; Three years real estate taxes, $1,200.00; Two years fire insurance premiums, $152.00; Two years of weekly alimony payments, $2,080.00; Medical and dental for plaintiff, $200.00, Total alimony in gross $11,102.00. After

February 4, 1972, the defendant's only obligation will be to pay $25.00 each week for his then one remaining minor daughter.

On this appeal defendant argues that the provisions for alimony in gross are excessive. According to defendant the trial court was without authority to order the transfer of his interest in the residence and further that the monthly payments provided are too high in relation to his income.

In support of his first contention defendant cites *Imbrie, v. Imbrie,* 94 Ill.App.2d 60, 236 N.E.2d 381; *Klebba v. Klebba,* 108 Ill.App.2d 32, 246 N.E.2d 681 and *Byerly v. Byerly,* 363 Ill. 517, 2 N.E.2d 898. However such cases are inapplicable to the case at bar since the problem each deals with is not alimony in gross but a division of the real estate of the parties in accord with their equities therein. Par. 19, ch. 40, Ill. Rev. Stat., 1969, is the Section dealing with alimony in gross and contemplates that provisions in regard thereto may include transfer of property real or personal. The distinction between division of property par. 18, ch. 40, Ill. Rev. Stat. 1969) and alimony in gross (par. 19, ch. 40, Ill. Rev. Stat. 1969) is recognized in *Imbrie v. Imbrie, supra; Doyle v. Doyle,* 268 Ill. 96, 108 N.E. 796; *Canady v. Canady,* 30 Ill.2d 440, 197 N.E.2d 42 and *Yoselle v. Yoselle,* 54 Ill.App.2d 354, 204 N.E.2d 129. Such cases support the action of the trial court in directing the conveyance of defendant's real estate as partial alimony in gross without the necessity of the existence of special equities in favor of plaintiff.

■■■ As observed in *Doyle v. Doyle, supra,* "The allowance of alimony in gross is clearly within the scope of the court's authority, and the amount to be allowed and whether in money or in property, real or personal, are matters largely within the discretion of the chancellor, but subject to correction when that discretion is improperly exercised." See also *Canady v. Canady, supra.* It has been held that excessiveness of alimony in gross is not determined by comparison with annual income, for the responsibility of the spouse for support and maintenance terminates with the payment of the same award. (*Still v. Still,* 96 Ill.App.2d 320, 238 N.E.2d 613.) In our view the provisions of the decree are supported by testimony relating to present and future needs of the wife, the ages of the parties, their respective abilities, length of marriage, stations in life, conditions of health, age of children, the defendant's pension and other circumstances in evidence.

For the foregoing reasons the decree of the Circuit Court of Peoria County is affirmed.

Decree affirmed.

ALLOY, P. J., and SCOTT, J., concur.