SHIRLEE R. GLASSMAN, Plaintiff-Appellee, *v.* ELI GLASSMAN, Defendant-Appellant.

(No. 53826;

First District—July 22, 1971.

Jerome Berkson, of Chicago, for appellant.

Rinella & Rinella, and Bernard Kaufman, both of Chicago, (Owen L. Doss and Bernard Kaufman, of counsel,) for appellee.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

This is an appeal by the defendant-husband from orders entered in a divorce suit. On a prior appeal various issues raised with respect to the divorce decree and supplemental order determining the rights of the parties to custody of the children, child support, alimony, property rights and attorneys' fees were disposed of *ante,* p. 608. The two orders involved in this appeal were entered after the orders before referred to. Defendant contends: (1) that the trial court erred in allowing plaintiff $1500 attorneys' fees for defense of the appeal, and (2) that the trial court lacked jurisdiction to order defendant to provide plaintiff with suitable transportation. Both orders were entered on December 23, 1968, more than two months after defendant had filed his notice of appeal from the judgment for divorce and supplemental judgment. We proceed to consider the objections made to the order allowing attorneys' fees.

■■  The allowance of attorneys' fees in a divorce proceeding must be based on a finding that one spouse is financially unable to pay the fees, while the other is able to do so. (*Berg v. Berg,* 85 Ill.App.2d 98, 229 N.E.2d 282; *Jones v. Jones,* 48 Ill.App.2d 232, 198 N.E.2d 195.) At the hearing on the plaintiff's motion the defendant testified that his monthly expenses exceeded his income by approximately $200. His testimony as to his income and expenses was not contradicted by any evidence introduced by plaintiff at the hearing. The trial judge, apparently aware of plaintiff's failure to establish defendant's ability to pay attorneys' fees, made the following remarks in entering the order, "I will allow counsel $1500 as fees. I don't know when they will get paid or from what source, but at least the order will be entered." In seeking to uphold the action of the trial court the plaintiff argues that the judge who entered the order allowing attorneys' fees was the same judge who a few months earlier had presided over a long and bitterly contested divorce proceeding during which sufficient information as to defendant's true financial position was introduced to support the order. The Appellate Court in Case No. 53689 had before it the complete record and found that "plaintiff  *  *  *  is well able to afford and pay her own attorneys." Accordingly even if we were to assume that there was evidence admitted at the trial (the record of which is not before us on this appeal) relating to attorneys' fees, we accept the finding of the Appellate Court in Case No. 53689 that plaintiff can afford to pay her attorneys herself. It is our conclusion therefore that the order of the trial court allowing such fees should be reversed. We proceed to consider the order of the trial court requiring defendant to provide plaintiff with transportation.

■■■  With respect to transportation, plaintiff testified that she used her car to drive her children to and from school, and the court in granting her motion apparently felt that she could not afford to maintain a car on a total weekly income of $100. Defendant contends that the trial court lacked jurisdiction to enter such an order after he (defendant) had filed a notice of appeal in this court. His argument is based on the premise that the order entered modifies the alimony provision of the supplemental judgment order. That provision required defendant to pay plaintiff as alimony in gross the sum of $50,000. Defendant contends that such an award in gross is not subject to modification by the trial court at a later date. (*Imbrie v. Imbrie,* 94 Ill.App.2d 60, 236 N.E.2d 381; *Roberts v. Roberts,* 90 Ill.App.2d 184, 234 N.E.2d 372.) Under Section 16 of the Divorce Act (Ill. Rev. Stat. (1969), ch. 40, sec. 16,) however, the trial court "may grant and enforce the payment of  *  *  *  such equitable alimony during the pendency of the appeal as to such court shall seem reasonable and proper." Before the final decree was rendered in the

instant case the trial court entered a temporary order requiring the defendant to provide plaintiff with an automobile. Defendant leased an automobile which he so provided. He failed to make the rental payments, however, and the car was repossessed by the lessor on October 11, 1968, at which time defendant owed approximately $1600 on the lease. The supplemental judgment made no provision for the plaintiff's transportation and after the car was repossessed, the plaintiff presented a motion to the trial court praying for an order requiring defendant to provide her with needed transportation. At the hearing on the motion the defendant was asked whether he was making regular payments on his indebtedness to the company which had leased the automobile to him. He replied, "Not yet." It is our conclusion that the trial court exercised a proper discretion in ordering defendant to provide his wife and children with suitable transportation pending the appeal.

Order allowing attorneys' fees reversed; order allowing transportation expenses affirmed.

McNAMARA, P. J., and DEMPSEY, J., concur.