MILDRED McCLURE, Plaintiff and Counterdefendant-Appellee, *v.* ROBERT M. McCLURE, Defendant and Counterplaintiff-Appellant.

(No. 12824;

Fourth District—July 3, 1975.

William N. Paris, of Charleston, and Alan I. Weintraub, of Thomson, Thomson, Zanoni & Flynn, of Bloomington, for appellant.

John J. Yelvington, of Mattoon, for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Robert McClure was awarded a divorce from his wife, Mildred, and appeals from an order determining property rights incident to that divorce. The trial court ordered all but one parcel of joint tenancy property to be sold, with the proceeds to be divided equally; Robert McClure was to retain certain property held in his own name and all of the personal property except what was required by Mildred in maintaining a household; Mildred was to receive moving expenses, title to a parcel of land held jointly with her husband and the proceeds of a land sale contract involving that property and $200 per month alimony.

Appellant concedes this is a case where hardship justifies an order of alimony, even though fault has been attributed to his wife. (*Fox v. Fox*, 9 Ill.2d 509, 138 N.E.2d 547.) Mildred McClure is afflicted with multiple sclerosis, a disease she contracted some time around 1955, and which has grown progressively worse. According to the medical testimony in this case, Mildred exhibited many symptoms of this disease, including forgetfulness, irritability, quarrelsomeness, and mental instability. Thus, not only may her acts which formed the basis for this divorce be attributable to her disease, but she also is terminally afflicted and permanently unemployable.

On appeal, Robert McClure contends that the trial court erred in awarding his wife both periodic alimony and a lump sum settlement in the form of property, since section 18 of the Divorce Act (Ill. Rev. Stat. 1973, ch. 40, § 19) allows alimony in gross only in lieu of periodic alimony. We cannot agree that this property division constituted alimony in gross. Section 18 of the Divorce Act, providing that a court may "make such order touching the alimony and maintenance of the wife * * * as, from the circumstances of the parties and the nature of the case, shall be fit, reasonable and just," is broad enough to allow such adjustment of property rights as was made in this case. *Imbrie v. Imbrie*, 94 Ill.App.2d 60, 236 N.E.2d 381.

Mr. McClure received the family home and the bulk of the personal property, all property held in his own name, and his fair share of the joint tenancy property. The evidence indicated that he had withdrawn $9,500 from the couple's joint checking account shortly before commencement of these proceedings, a circumstance which may have influenced the court to allow Mrs. McClure to receive the entire income from the one piece of joint tenancy property subject to a land sale contract. We believe that this property division was within the range of discretion afforded a trial court under the Divorce Act. Under this decree, the annual income of the husband, even if he elects to remain unemployed,

would be about $14,000. The wife's annual income would be just under $6,000.

Robert McClure also objects that the award of property to his wife eliminated the hardship which is the only proper basis for granting alimony to the guilty party in a divorce proceeding. (*Fox.*) By the husband's own computations, his wife's property award amounts to about $35,000; added to this is $120 per month from the land sale contract. We cannot say that $120 per month plus the income from $35,000 is such wealth as to remove the hardship from a semi-invalid who may someday require confinement in a nursing home and who has no pension or prospects for other income. Supplementing this income with $200 per month alimony was within the trial court's discretion. The issue here is whether the trial court abused its discretion. Since we conclude there was no abuse, the judgment is affirmed.

Judgment affirmed.

TRAPP, P. J., and GREEN, J., concur.