DONALD R. SCHASKER, Plaintiff-Appellant, *v.* MAXINE M. SCHASKER, Defendant-Appellee.

(No. 74-332; )

Second District (2nd Division)—December 23, 1975.

Berry, Wellman, Thoreson & Berry, of Rockford, for appellant.

Holton & Garrity, of Freeport, for appellee.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Plaintiff, Donald Schasker, sued defendant, Maxine Schasker, for divorce on grounds of mental cruelty. Defendant's counterclaim for divorce on grounds of physical cruelty was granted, and she was awarded alimony in gross. Plaintiff appealed only from that portion of the divorce decree concerning alimony and disposition of property.

The parties were married in 1943. A son and daughter were born of the marriage (at the time of suit, they were 29 and 16 years old, respectively). Defendant worked about seven years during the course of the marriage, and at the time of trial, she earned $47 to $48 per week at a part-time job. She had a savings account of approximately $10,500 ($4000 gained from an inheritance and $6000 saved from her wages). Fifty years of age, she testified she was in good health but had varicose veins so that she could not stand for extended periods of time. Her occupational skills were limited.

Plaintiff, 58 years old, testified that his average take-home pay was $242 a week and that his employment-related retirement fund amounted to $23,478.64. The parties jointly owned the marital domicile, valued at $7000, and another house, dilapidated and vacant for ten years which the parties held with plaintiff's brother and sister-in-law. Defendant testified that the purchase price of the second house was $7000 but its current value was limited to the property on which it was located. The parties also jointly owned a bank account in the amount of $17,700 which plaintiff had withdrawn prior to trial.

At a hearing, plaintiff testified that he had spent the entire $17,700 gambling and drinking. Upon further inquiry and admonishment by the court, plaintiff admitted that a cashier's check for $17,700 was in his billfold. The court, in granting the defendant's divorce, ordered plaintiff to deposit $8850 with the court clerk for the use and benefit of defendant.

At a later hearing on disposition of property, plaintiff again testified that he had got drunk and spent approximately $8500, most of the remaining balance of the joint account, in addition to his weekly salary. After hearing the evidence the trial court awarded defendant $8500 (about one-half of the joint bank account which had been deposited with the court clerk), plaintiff's one-half interest in the marital domicile (value approximately $3250), and alimony in gross of $10,000 to be paid in installments of $1000 twice annually. Plaintiff was enjoined from withdrawing any part of his retirement fund until the alimony in gross was paid, was awarded the second house, his personal car, and custody of the minor daughter.

On appeal, plaintiff maintains that (1) the trial court erred in granting the defendant alimony in gross where there were no compelling circumstances and (2) the award of alimony was excessive.

Plaintiff first claims that an award of alimony in gross may be awarded only where there exist compelling circumstances rendering periodic payments infeasible and that no such circumstances exist in the instant case. The Divorce Act (Ill. Rev. Stat. 1973, ch. 40, § 19), authorizing the court to grant alimony in gross provides:

> "When a divorce is decreed, the court may make such order touching the alimony and maintenance of the wife or husband, the care, custody and support of the children, or any of them as, from the circumstances of the parties and the nature of the case, shall be fit, reasonable and just * * *. The court may order the husband or wife, as the case may be, to pay to the other party such sum of money, or convey to the party such real or personal property, payable or to be conveyed either in gross or by installments as settlement in lieu of alimony, as the court deems equitable."

Both the form of an award of alimony and its amount rest primarily in the discretion of the trial court. (*Canady v. Canady*, 30 Ill.2d 440, 444 (1964); *Colvin v. Colvin*, 132 Ill.App.2d 959, 961 (1971).) The circumstances of the instant case justified the award of alimony in gross. Testimony at trial indicated that the relationship between the parties was characterized by rancor and suspicion culminating in plaintiff's physical abuse of defendant. Plaintiff's lack of candor at trial (regarding his possession of the proceeds in the joint bank account) suggests an uncooperativeness in fairly and amicably resolving financial matters. Further, his testimony that he spent $8500 of the proceeds from the joint checking account in addition to his weekly salary drinking and gambling support the trial court's holding that an award of alimony in gross is the appropriate means of assuring defendant's financial security. (*Hall v. Hall*, 18 Ill.App.3d 583 (1974).)

Plaintiff argues that the award to defendant was excessive and takes particular exception to the $10,000 alimony in gross. Defendant's total assets amount to $32,000: plaintiff's interest in the marital domicile, $3500; one-half of the joint checking account, $8500; alimony in gross from plaintiff, $10,000; and personal savings, $10,000. Additionally she had a monthly income of about $237 in wages and rent. Plaintiff received $8500 from the joint checking account and, upon retirement, would be entitled to the full $23,478.64 in his retirement fund—a total of approximately $31,978.64. In addition, he was awarded defendant's interest in the second house. He earned $242 per week at his full-time job.

Plaintiff suggests that the court's award was punishment for his conduct at the hearing. We find nothing whatsoever to support this contention. Rather, we find that the award of the court was fair and equitable given the length of the marriage, plaintiff's and defendant's financial status, their ages, and defendant's limited earning capacity.

Judgment affirmed.

RECHENMACHER, P. J., and DIXON, J., concur.