MARGARET MARTIN, Plaintiff-Appellee, *v.* MICHAEL PATRICK MARTIN, Defendant-Appellant.

Fifth District   No. 76-357

Opinion filed June 20, 1977.

Gary E. Peel, of Chapman & Chapman, of Granite City, for appellant.

Roger S. Murphy, of McGlynn & McGlynn, of Belleville, for appellee.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant Michael Martin appeals from a decree of divorce entered in the circuit court of St. Clair County. The central issue in this case is whether the trial court erred in its award of alimony in gross to the plaintiff Margaret Martin. A collateral issue is whether the trial court acted properly in awarding alimony in gross instead of the more common periodic alimony.

Plaintiff commenced divorce proceedings against defendant for alimony and settlement of property. At the time of the hearing, plaintiff was 45 years old and defendant was 49 years old. The parties who have been separated since November 21, 1975, have no children. Since the separation, Margaret Martin has resided in the marital home in Millstadt, Illinois, which has an estimated value of $45,000.

The defendant has been employed by the Nooter Corporation since 1956, which employment caused him to be away from home for extended periods of time. By working a considerable amount of overtime, Martin was able to earn approximately $32,000 in 1974. Through a stock purchase plan at Nooter in which defendant had participated since 1966, he had acquired approximately 281 shares of Nooter stock valued at the time of the hearing at a minimum of $34,563. Both parties conceded that all the payments on the Millstadt home had been made out of the earnings of Mr. Martin. The parties previously owned a home in Belleville, Illinois, in which Mrs. Martin, by virtue of a previous marriage, held a small equity. The amount realized from the sale of that residence was applied to the purchase of the Millstadt residence. The balance owed on the Millstadt property at the time of the hearing was approximately $1900. Besides the Millstadt home, its furnishings and the Nooter stock, the couple owned a 1971 Ford station wagon, a 1973 Ford pickup truck, a boat, motor and trailer, two $100 Series E Bonds, an insurance policy worth $10,000, tools worth about $1200 and $2000 in a bank account held by Mr. Martin in the State of Louisiana where he presently works.

Plaintiff had some retail merchandising experience, was presently unemployed but had handled the parties' financial affairs during the marriage. Her equity in the Millstadt home, which was held in joint tenancy, was quite small. The trial court found in its decree that Mrs. Martin had been a dutiful wife who had been the victim of extreme mental cruelty. In addition, there was evidence that the separation had left plaintiff totally without resources. Living in the marital home without defendant's income, she was apparently unable to pay basic utility expenses for lighting and heating.

Defendant challenges the decree in favor of the plaintiff on the grounds that it was excessive and inequitable and therefore an abuse of the trial court's discretion. The decree provided for the transfer of the following real and personal property to plaintiff: the Millstadt home, its furnishings,

furniture, appurtenances and improvements thereto, the station wagon, the bonds and cash in the amount of $15,000 to be paid in a lump sum or in installments as specified by the court.

We find that the decree was well within the sound discretion of the trial court and affirm for the following reasons.

■■ In contrast to periodic alimony, which is a continuing and sometimes uncertain arrangement, alimony in gross refers to those decrees where the entire award is vested and the amount determined is not subject to change by the courts. (*Imbrie v. Imbrie,* 94 Ill. App. 2d 60, 236 N.E.2d 381; *Canady v. Canady,* 30 Ill. 2d 440, 197 N.E.2d 42.) In the instant case, defendant complains that it was inequitable for the trial court to have included his undivided one-half interest as joint tenant in the Millstadt home as partial satisfaction of the total award of alimony in gross. Ordinarily, in the absence of some governing statute, a court should not interfere with the property rights of the parties as here, where they were joint tenants. (*Schouten v. Schouten,* 129 Ill. App. 2d 418, 263 N.E.2d 715.) But in cases such as this one, the Illinois General Assembly has provided statutory authority. Under section 18 of the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 19) a trial judge may order alimony in gross or periodic alimony:

> "When a divorce is decreed, the court may make such order touching the alimony and maintenance of the wife or husband, the care, custody and support of the children, or any of them as, from the circumstances of the parties and the nature of the case, shall be fit, reasonable and just * * *. The court may order the husband or wife, as the case may be, to pay to the other party such sum of money, or convey to the party such real or personal property, payable or to be conveyed either in gross or by installments as settlement in lieu of alimony, as the court deems equitable."

Although Illinois courts clearly have shown a preference in the past for periodic alimony, there is no doubt that it is within the court's authority to order alimony in gross. The form of alimony rests within the sound discretion of the trial court. *Harry v. Harry,* 38 Ill. App. 3d 776, 349 N.E.2d 69; *Schasker v. Schasker,* 34 Ill. App. 3d 980, 341 N.E. 717; *Knox v. Knox,* 31 Ill. App. 3d 816, 334 N.E.2d 891.

■■ Our research has discovered only one case, *Lieberman v. Lieberman,* 25 Ill. App. 3d 654, 323 N.E.2d 785, in which it was stated that the existence of exceptional circumstances or the lack of feasibility of periodic payments is not a prerequisite to awards in the form of alimony in gross. Clearly, the case law reveals a decided preference for periodic alimony because it is subject to the continuing jurisdiction of the court and such awards may be amended to fit the changing circumstances of the parties. However, as it has always been with regard to the amount of alimony awards, unless it is against the manifest weight of the evidence

the nature of the award will not be set aside. (*Hoffmann v. Hoffmann,* 40 Ill. 2d 344, 239 N.E.2d 792.) Further, it was specifically held in *Colvin v. Colvin,* 132 Ill. App. 2d 959, 270 N.E.2d 61, that the court has the power to include a husband's interest as a joint tenant in an award of alimony in gross.

■■ Defendant is misguided in his suggestion that it was error for the trial court to order transference of his interest in the marital home without plaintiff having pleaded special equities in her favor. As this case involves alimony in gross rather than a division of property according to each party's equity in it, no special equities need be pleaded as section 18 clearly applies. *Green v. Green,* 41 Ill. App. 3d 154, 162, 354 N.E.2d 661; *Colvin v. Colvin,* 132 Ill. App. 2d 959, 961, 270 N.E.2d 61; *Persico v. Persico,* 409 Ill. 608, 612, 100 N.E.2d 904.

There is no question that plaintiff is entitled to alimony. However, under section 18 there is the further requirement that the conveyance as well as the total award be equitable. (*Schwarz v. Schwarz,* 27 Ill. 2d 140, 188 N.E.2d 673.) As was stated in *Green v. Green,* 41 Ill. App. 3d 154, 166-67, 354 N.E.2d 661:

> "The award of alimony in either form must be 'fit, reasonable and just' (Ill. Rev. Stat. 1973, ch. 40, par. 19) *as between both parties,* and if alimony in gross is awarded, the award must be equitable *between both parties.* As stated in *Busby v. Busby* (1973), 11 Ill. App. 3d 426, 430-31, 296 N.E.2d 585, 'An award of alimony should not be made so high as to cause financial difficulties and personal embarrassment on the part of the husband * * *.'"

■■ Thus, the essence of this case is whether the decree is excessive in light of defendant's ability to pay coupled with plaintiff's financial need. In making the proper determinations, factors such as the wife's earning power, the ages and health of the parties and their financial condition must be weighed. The trial court is in the best position to judge these factors. In this case, the husband incurred substantial financial burdens by virtue of the decree; but these are to be balanced with his retained interest, including sizeable stock holdings, a pickup truck and considerable capacity for earning. While the $15,000 defendant must pay in one lump sum or in installments is no trifling amount, it must be borne in mind that the award of alimony in gross relieves defendant of all future obligations once the requirements of the decree are fulfilled.

Using the fairness test as enunciated in *Green,* it cannot be maintained that the trial court abused its discretion in either the amount or nature of this alimony award. The decree entered in the circuit court of St. Clair County is accordingly affirmed.

Affirmed.

EBERSPACHER and KARNS, JJ., concur.