(No. 14213.—Judgment affirmed.)

MARY BECK *et al.* Appellants, *vs.* LEAH M. LASH *et al.*
Appellees.

*Opinion filed June 21, 1922—Rehearing denied October 4, 1922.*

1. WILLS—*order denying probate and which is set aside as to
insane defendant need not be set aside as to others.* The fact that
an order denying probate of a will is set aside on the petition of
an insane party because no guardian *ad litem* was appointed to de-
fend her is not sufficient ground for setting aside the order for
fraud as to other parties.

2. SAME—*failure of an executrix to appeal from an order deny-
ing probate is not ground for setting aside the order.* Failure of
an executrix to appeal from an order of the county court deny-
ing probate of the will is not of itself sufficient ground for setting
aside the order at the petition of parties who were interested in
the will, notwithstanding the fact that the trial, on appeal to the
circuit court, is a trial *de novo,* in which the proponent is allowed to
introduce any testimony competent to establish the will in chancery.

3. SAME—*parties interested in will should appeal from order
denying probate—laches.* Where the county court has jurisdiction
of the parties and subject matter of a proceeding to probate a will
it is the duty of parties interested in the will to ascertain the re-
sult of the court's holding, and if they fail to do so and do not
appeal from the order denying probate, they cannot, several years
afterward, petition the court to set aside the order, as their *laches*
is a complete bar to such petition.

4. JUDGMENTS AND DECREES—*when judgment or decree cannot
be set aside—appeal.* Where the court has jurisdiction of the sub-
ject matter and of the parties in a proceeding and hears testimony
and renders its order and judgment the same is binding on all par-
ties to the suit and can only be set aside for fraud, and where both
parties have a right to appeal neither side can complain because
no appeal was taken by the other side.

APPEAL from the Circuit Court of Marshall county: the
Hon. JOHN M. NIEHAUS, Judge, presiding.

FRANK J. QUINN, CHARLES V. O'HERN, and BAYARD
W. WRIGHT, (HAROLD R. SCHRADZKI, and CHARLES P.
GREEN, of counsel,) for appellants.

HENRY M. KELLY, FRED W. POTTER, BARNES, MAGOON & BLACK, and WALLACE J. BLACK, guardian *ad litem*, for appellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

On April 12, 1920, Pearl Lash, an insane person, by her guardian and next friend, Emma L. Olson, filed her petition in the county court of Marshall county praying the court to set aside an order entered by it September 21, 1914, denying the probate of the last will and testament of Theodore F. Lash, deceased. On July 19, 1920, Mary Beck and twenty-two others, including Emma L. Olson, who are the nieces and nephews and residuary legatees and devisees of Lash, filed their petition in the county court, by which they adopted, by reference to the same, the allegations of the petition of Pearl Lash, and also therein alleged further facts by which they, as joint petitioners with Pearl Lash, sought to set aside the order of the county court denying the probate of said will. Answers were filed to said petitions by Leah M. Lash, as administratrix of the will of Sarah C. Lash, deceased, and others who claim an interest in the property of Theodore F. Lash. On a hearing the county court dismissed the petitions as to all petitioners. An appeal was taken to the circuit court of Marshall county, and upon a trial *de novo* the circuit court granted the petition of Pearl Lash but denied all relief asked by the other petitioners and dismissed their petition. All the petitioners except Pearl Lash have perfected their appeal to this court.

The undisputed facts are the following: On August 19, 1910, Theodore F. Lash called at the office of his attorney and had his will prepared and executed, by which he devised and bequeathed all of his property, real and personal. By the provisions thereof, after directing payment of all of his debts and funeral expenses, he directed that certain legacies be paid to certain legatees therein mentioned. The main provisions of his will were to the effect

that his widow, Sarah C. Lash, should have one-half of the income of the remainder of his property for life, and that his son, Raymond R. Lash, should have the remaining one-half of such income during his life, and in case he died without leaving children prior to the death of his mother, that then she should have the entire income of such property during her life. The will also provided that in case his son should die leaving a child or children or descendants of a deceased child or children surviving him, all the remainder of his property after the death of his son and his widow should go to such child or children or descendants. The will further provided that in case of the death of said son without leaving children or descendants of children, the entire remainder of the property after the death of his son and his widow, after the payment of certain specific legacies named, was to be divided into four equal parts, one-fourth of which he devised and bequeathed to the children of his deceased brother, William, another fourth thereof he devised and bequeathed to the children of his brother David, a third fourth he devised and bequeathed to the children of his brother Charles, and the remaining fourth he devised and bequeathed to the children of his deceased sister, Laura V. Mitchell, each and all of said sets of nieces and nephews to have and to hold the remainder forever. The appellants and Pearl Lash are all the children of the three brothers and sister of the testator, who died May 25, 1914, leaving him surviving his widow, Sarah, who is named in the will as executrix, and his son, Raymond, as his only heir. The widow elected to qualify as executrix and filed the will for probate in the county court aforesaid. A petition was also filed by her, in which she made all the allegations that are required by the statute to be made for the probating of the will, and she therein stated the names and the places of residence of all of the heirs, devisees and legatees named in the will, including appellants, who were all non-residents of the State of Illinois. The record shows

that the clerk of the county court properly mailed to each of the legatees and devisees a copy of the petition, and it is not contended by any of the appellants that they did not receive a copy of the petition. On the day set for the probate of the will, which was stated in the petition, the two attesting witnesses to the testator's will appeared and testified in court, one of them testifying to the effect that he was not sufficiently acquainted with the testator to state whether he was or was not mentally competent to make a will or was of sound mind and memory at the time he executed the same, and the other attesting witness testified that the testator was not of sound mind and memory and not competent to make a will, and accordingly the court entered an order denying probate of the will. There was no appeal by the executrix or other persons from the order of the court. On October 12, 1914, she filed her petition for the appointment of herself as administratrix of the estate of Theodore F. Lash, and she was appointed, took the oath and proceeded to administer on the estate. A widow's award was set off to her in the sum of $2750. The real estate of the deceased was of the value of $100,000 or more and the personal estate of the value of $2000. Raymond R. Lash died November 27, 1918, leaving no child or descendant of a child, and leaving his mother, Sarah C. Lash, and his widow, Leah, as his only heirs. Sarah died testate September 8, 1919, and her will was probated. Her legatees and devisees are appellees here.

The petition of the appellants alleged and proved the substance of the foregoing facts, and in addition thereto charged certain specific acts of fraud against the widow and Raymond, the son of the testator. These acts of fraud were, in substance, that very soon after the probate of the will was denied the executrix and Raymond informed appellants that the will was duly probated; that appellants relied on such information and believed that it was true and acted upon it, and did not learn that such information was

false until October 4, 1919, when they were advised that the will had not been probated; that Sarah fraudulently connived with Raymond to induce, and he did induce, one of the attesting witnesses to the will to decline to testify that the testator was of sound mind and memory; that the executrix did not make any effort to prove or establish the will in the county court and did not appeal from its order denying probate of the will; that she at all times knew that she could establish by the testimony of many witnesses that the will was duly executed and attested as required by law and that the testator was of sound and disposing mind and memory at the time he executed his will.

The proof in the record was confined on the part of appellants mainly to the establishing of the facts that the testator, Theodore F. Lash, was at the time the will was executed of sound mind and memory and capable of making a will; that he was a very shrewd and capable business man and by his business shrewdness and thrift had accumulated the property of which he had died seized and possessed, and that the petitioner Pearl Lash was an insane person without any sufficient mental capacity to understand or to transact business matters or to comprehend the meaning or force of any notice or information concerning her property rights. Appellees declined to introduce any testimony on this hearing, and they insist that proof of the mental capacity of the testator was immaterial and improper, and the fact that the court sustained the petition of Pearl Lash furnishes no reason for granting the petition of appellants. Appellants contend that they introduced the testimony of the competency of the testator to make a will for the purpose of proving that the executrix must, by reason of such facts, have known that the testator was competent to make a valid will and that he did make a valid will and that she would be able to make such proof in the circuit court, and that it was therefore her legal duty to have appealed to the circuit court from the order of the county

court denying the probate of the will. It is therefore argued by appellants that the executrix was guilty of such fraud by failing to appeal to the circuit court as demands the granting of the prayer of appellants' petition. They also contend that as the order of the county court was set aside as to Pearl Lash it should also have been set aside as to appellants.

The record evidence clearly shows that the county court, in the proceeding to probate the will, had jurisdiction of the subject matter of the proceeding and also of the persons of all the appellants and of all the other legatees, devisees and heirs of the testator. Appellants seem to argue that there was no jurisdiction of Pearl Lash, the insane person, who was confined in a hospital for the insane in Kansas. The testimony clearly shows that notice of the petition to probate the will was mailed to her, properly addressed, or sufficiently so that she necessarily would have received it if mailed and addressed as the proof shows. It was addressed to her at her proper post-office address, but instead of describing the institution in which she was confined as the State Hospital at Parsons, Kansas, it was described as "Feeble-Minded Institute, Parsons, Kansas;" but the testimony of the superintendent of that institution shows clearly that the letter as addressed to her would necessarily have reached her and have been delivered to her, and that she did receive mail. The only irregularity in the county court proceedings for which the circuit court set aside the order as to Pearl Lash was the fact that she was shown to be an insane person and that no guardian *ad litem* was appointed by the county court to defend her. So the county court clearly had jurisdiction of all the parties and of the subject matter of the suit, and its order denying probate of the will could only be set aside for fraud as to appellants, and the fact that the order was set aside as to the insane petitioner can have nothing to do with the question as to appellants' right to have the same set aside. (*Walker* v.

*Cook,* 294 Ill. 294.)   There was no proof in the record that
the widow or the son of the testator at any time misin-
formed the appellants, or any of them, as to the fact that
the probate court had denied probate of the will or that
either of them ever induced or tried to induce either of the
attesting witnesses to refrain from testifying or to give false
testimony.   The proof, on the other hand, is positive that
neither the widow nor the son, nor the attorney for the
widow in probating the will, ever tried to get either attest-
ing witness to refuse to testify or to give false testimony.
The record shows that the widow did not like the provi-
sions of the testator's will and that she did not want it pro-
bated, but when her attorney, who was the custodian of the
will, informed her that he would have to file the will and
that it was her duty to have it probated if she qualified as
executrix, she apparently did all that the law required of
her in the county court by filing the petition, obtaining ser-
vice on the parties and by producing the witnesses who at-
tested the will and having them examined before the court.
We think, therefore, that the circuit court properly found
that there was no fraud shown by appellants sufficient to
set aside the order of the county court refusing to probate
the will.

The most that appellants can claim for a showing of
fraud in the record is the bare proof, or presumption from
their showing, that the testator was competent to make a
will, and that the executrix knew that if she appealed to
the circuit court she could establish the will notwithstand-
ing the testimony of the attesting witnesses.   Where the
probate of a will is allowed or denied by the county court,
on appeal to the circuit court the trial is *de novo,* and in
the circuit court the executrix is allowed to introduce any
testimony, in addition to that of the attesting witnesses, com-
petent to establish a will in chancery.   (*Hill* v. *Kehr,* 228
Ill. 204; *In re will of Barry,* 219 id. 391; *Senn* v. *Gruend-
ling,* 218 id. 458.)   The mere failure of· the executrix to

appeal to the circuit court is not 'sufficient ground for setting aside the order of the county court denying probate of the will. Where the court has jurisdiction of the subject matter and of the parties in a proceeding and hears testimony and renders its order and judgment, the same is binding on all parties to the suit and can only be set aside for fraud. Where both parties have a right to appeal, as they had in this case, neither side can complain because no appeal was taken by the other side. Appellants being parties to the proceeding to probate the will and having been served with notice according to law, are conclusively presumed to have known the results of the court's decision within a reasonable time thereafter and without any further notice by the executrix or anyone else. It was their duty to ascertain the result of the court's holding and its order, and failing to do so and in failing to appeal they were guilty of such negligence in protecting their rights as to estop them from now claiming that they did not learn of the order of the probate court until years after. Their *laches* in this regard is a complete bar to their petition in this case. They were not only required to prove fraud, but were also required to show that they were diligent in taking advantage of their rights. *Evans* v. *Woodsworth,* 213 Ill. 404.

There are two kinds of fraud as applied to judicial proceedings: fraud in obtaining an order or decree by false testimony, and fraud which gives the court only colorable jurisdiction. It is only the latter that renders collateral attack effective or renders a decree void as to all parties affected. (*Burton* v. *Perry,* 146 Ill. 71; *Caswell* v. *Caswell,* 120 id. 377; *Evans* v. *Woodsworth, supra.*) The appellants' only remedy in the case was by appeal, and as they failed to appeal and have established no sufficient ground to attack the county court's judgment collaterally in refusing to probate the will their petition was properly denied. The testator in this case was simply unfortunate in not knowing

his friends sufficiently to select therefrom two that had manly courage enough to stand by what they had acknowledged and said in his presence, after he was dead and gone. This often happens, and attesting witnesses cannot be too severely criticised for signing such an attesting clause as appears in this will and then swearing to the contrary when they are produced as witnesses in court. Such treachery is of the vilest character, no matter what is the character and standing of the attesting witnesses in the community in which they live. It is their duty either to refuse to become attesting witnesses, or else to know the character of the statements they sign and stand by them when they are called on to testify. The attesting clause to the will is in this language: "The above and foregoing instrument * * * was, on the day of the date thereof, duly signed, sealed, published and declared by the said Theodore F. Lash as and for his last will and testament, in the presence of us, who at his request and in his presence, and in the presence of each other, have subscribed our names as witnesses thereto. And we, and each of us, do hereby certify that we were well acquainted with the said Theodore F. Lash at the time he so signed, sealed, published and declared said instrument to be his last will and testament, knew him to be of sound and disposing mind and memory, acting freely and voluntarily and not under duress or constraint of anyone."

We are thoroughly convinced from the record that the attesting witnesses by their reckless conduct in either signing a statement they knew to be untrue or in testifying in court to a deliberate falsehood have defeated and nullified the testator's will. But there is no relief now for the appellants from their testimony or from their willful and reckless conduct, as they neglected to appeal from the order denying probate of the will.

The judgment of the circuit court is therefore affirmed.

*Judgment affirmed.*