(No. 37118.—

JESSIE M. SCHWARZ, Appellee, *vs.* HARRY H. SCHWARZ, Appellant.

*Opinion filed February 1, 1963.—Rehearing denied March 27, 1963.*

Kenneth A. Green and Thomas J. Logue, of Mattoon, for appellant.

Ralph E. Suddes, of Mattoon, for appellee.

Mr. Justice House delivered the opinion of the court: Jessie M. Schwarz filed her complaint for divorce in the circuit court of Coles County alleging habitual drunkenness, adultery and desertion on the part of her husband, Harry H. Schwarz. After numerous motions and countermotions, defendant filed his answer denying the desertion and habitual drunkenness, but he admitted committing adultery on several occasions. He also pleaded as a special and affirmative defense an *ex parte* divorce that was granted to him about five months previously in Nevada. When plaintiff had finished her case in chief, defendant

was granted leave to file an amendment to his answer in which he set up the defense of condonation to the adultery charge.

After the parties had made a record which contains over 900 pages, the court entered a decree holding the Nevada divorce null and void and granted plaintiff a divorce on the grounds of habitual drunkenness and adultery. The court also awarded to plaintiff the family home, household furnishings, an automobile, and the sum of $130,310 as alimony in gross in lieu of all support and any property interest acquired during the marriage. The decree provides that the $130,310 shall be paid in installments over a 9-year period and is made a lien on all of defendant's property both real and personal, including his business except that the lien is not to interfere with the ordinary and customary operation of the business. Defendant appeals directly to this court since a freehold is involved.

Both parties have devoted considerable argument as to the effect of the Nevada decree. The plaintiff argues that the decree is void because defendant did not establish a *bona fide* domicile in Nevada; because proper service by publication was not had upon her; because defendant did not inform the Nevada court that she had already instituted divorce proceedings in Illinois, that he was then carrying on an adulterous relationship and that he was intoxicated during the hearing; and because he ignored an injunction issued by the circuit court of Coles County restraining him from obtaining a divorce in Nevada. Defendant, on the other hand, argues that he established a *bona fide* domicile in Nevada, that the Nevada Court obtained jurisdiction of plaintiff and that the circuit court of Coles County did not have jurisdiction to restrain him from obtaining a divorce in Nevada.

It would unduly prolong this opinion to detail all the evidence tending to show defendant's domicile to be Illinois or Nevada. We note, however, that he was physically

present in Nevada for the statutory residence period and remained there for seven months after entry of the Nevada decree when his Illinois business required his return. He registered to vote and did vote there by absentee ballot the following year. Keeping in mind the presumption of domicile which we are required to give the foreign decree, (see *Williams* v. *North Carolina*, 325 U.S. 226,) we are of the opinion that the Nevada court had jurisdiction to grant the divorce so far as defendant's domicile there is concerned.

Although plaintiff argues that notice of the foreign divorce hearing was sent to the wrong address and she did not receive it, the record shows that there was notice by publication, that copies of this notice were mailed to several places where defendant believed plaintiff was staying and that she had actual knowledge of the foreign action. We believe that she has not overcome the finding of the Nevada court that it had jurisdiction of her.

Plaintiff alleges that fraud was committed on the Nevada court because defendant did not divulge that she had already commenced a divorce action in Illinois and therefore the Nevada decree is void and should not be given full faith and credit. She relies upon *Dunham* v. *Dunham*, 162 Ill. 589 and *Atkins* v. *Atkins*, 386 Ill. 345 to support her position. In the *Dunham* case the wife left Illinois and went to South Dakota where she obtained an *ex parte* divorce. She did not disclose to the South Dakota court that her husband had filed a divorce action in Illinois which was pending when she filed her action. This court held that "While the question is one not free from difficulty, we are of the opinion that appellant [the wife] failed to act in good faith to the court in which her suit was brought in South Dakota, that she was guilty of fraud upon the court and upon the public in obtaining her decree, and that it is therefore void." (162 Ill. 589, 614.) In *Atkins* the husband started a divorce action in Nevada

five days after his wife had started an action for separate maintenance in Illinois and an *ex parte* divorce was granted to him before the wife's action was adjudicated. This court held that he had not established a *bona fide* domicile in Nevada and then stated "In view of the conclusions reached on the question of domicile and under the authority of *Dunham* v. *Dunham,* we are of the opinion that the defendant was guilty of practicing fraud upon the Nevada court in withholding information in reference to the Illinois action and that proof of such fraud furnishes grounds to deny full faith and credit to the Nevada proceeding." 386 Ill. 345, 358.

The *Atkins* case was decided after *Williams* v. *North Carolina,* 317 U.S. 287, but before *Williams* v. *North Carolina,* 325 U.S. 226. *Certiorari* was granted by the Supreme Court in the *Atkins* case and the judgment was vacated and remanded to enable this court to re-examine its decision in the light of the second *Williams* case and *Esenwein* v. *Pennsylvania,* 325 U.S. 279. In *Atkins* v. *Atkins,* 393 Ill. 202, full faith and credit was again denied the Nevada decree but on the sole ground that the husband had not established a *bona fide* domicile in Nevada.

In the *Dunham* case this court made it clear that the pending Illinois action did not divest the South Dakota court of jurisdiction to determine the divorce action there. It merely held that Illinois would not give full faith and credit to the South Dakota decree because there was a fraud committed in the course of the trial. Despite the holding in the *Dunham* case, it is apparent that we should recognize a foreign decree if we would give effect to an Illinois decree obtained under similar circumstances. See Holt, "The Conflict of Laws" 1949 U. Ill. L. F. 625.

This court has long differentiated between fraud which gives the court only colorable jurisdiction and fraud which occurred after the court acquired jurisdiction, such as obtaining an order or decree by false testimony or conceal-

ment. It is only fraud which gives a court colorable jurisdiction that renders a decree void. (*People* v. *Sterling*, 357 Ill. 354; *Foutch* v. *Zempel*, 332 Ill. 192; *Beck* v. *Lash*, 303 Ill. 549; *Evans* v. *Woodsworth*, 213 Ill. 404; *Burton* v. *Perry*, 146 Ill. 71.) Since an Illinois decree would not be subject to collateral attack under similar circumstances, we hold that the Nevada decree cannot be collaterally attacked in Illinois. The alleged fraud based upon adulterous conduct of defendant and his intoxication at the hearing also falls outside that category of fraud which gives a court only colorable jurisdiction and cannot be the basis for collaterally attacking the foreign decree.

We hold that the trial court erred in finding the Nevada decree void and failing to give it the full faith and credit to which it is entitled, in so far as it dissolved the marriage. (*Pope* v. *Pope*, 2 Ill.2d 152.) It is unnecessary therefore to consider whether the charges of adultery and habitual intoxication and the defense of condonation were or were not proved.

The arguments of the parties concerning the allowance of alimony by the circuit court of Coles County show that they erroneously believe the court's power to decree alimony is dependent upon the validity of the *ex parte* foreign divorce. In *Vanderbilt* v. *Vanderbilt*, 354 U.S. 416, 1 L. ed. 2d 1456, 77 S. Ct. 1360, the husband secured a divorce in Nevada. Just as in the present case, the wife was not served with process in Nevada and did not appear before the Nevada court. Thereafter the wife commenced an action in New York for alimony. The husband argued that the Nevada divorce ended the marriage and any duty he had to support the wife. The New York court held that the Nevada decree had effectively dissolved the marriage, but it nevertheless entered an order directing the husband to make support payments to the wife. The Supreme Court in upholding this ruling stated: "It has long been the constitutional rule that a court cannot adjudicate

a personal claim or obligation unless it has jurisdiction over the person of the defendant. Here, the Nevada divorce court was as powerless to cut off the wife's support right as it would have been to order the husband to pay alimony if the wife had brought the divorce action and he had not been subject to the divorce court's jurisdiction. Therefore, the Nevada decree, to the extent it purported to affect the wife's right to support, was void and the Full Faith and Credit Clause did not obligate New York to give it recognition." 354 U.S. 416, 418.

Since the Nevada decree effectively dissolved the marriage but did not affect plaintiff's right to support, we must consider whether the circuit court had the power to grant alimony after an *ex parte* divorce has been granted in a foreign jurisdiction. In *Pope* v. *Pope, 2* Ill.2d 152, we held that the right to support will survive an *ex parte* foreign divorce. (Cases dealing with the subject are collected in Annotation, 28 A.L.R. 2d 1378.) Section 18 of the Divorce Act (Ill. Rev. Stat. 1959, chap. 40, par. 19) provides: "Irrespective of whether the court has or has not in its decree made an order for the payment of alimony or support, it may at any time after the entry of a decree for divorce, upon obtaining jurisdiction of the person of the defendant by service of summons or proper notice, make such order for alimony and maintenance of the spouse and the care and support of the children as, from the evidence and nature of the case, shall be fit, reasonable and just, * * *." This provision for the granting of alimony after a divorce is broad enough to cover a divorce granted in a foreign jurisdiction as well as in Illinois. *Darnell* v. *Darnell, 212* Ill. App. 601.

This brings us to the arguments concerning the alimony allowed by the circuit court. Defendant argues that the alimony award is excessive and is an attempt to punish him; that the court erred in granting an award the payment of which could continue beyond the date of plaintiff's

remarriage, if she should remarry, and would continue beyond her death, if she should die; that the decree erroneously awards the fee interest in the parties' residence to plaintiff; and that the court erred in impressing a lien on his personal property.

To support his argument that the alimony award is excessive defendant points out that his 1959 income tax return shows an adjusted gross income of $25,501.08 and a tax of $6,534.41; that his 1960 return shows an adjusted gross income of $33,928.30 and a tax of $10,272.30; that his future earnings will not exceed those of 1959; that under the decree plaintiff will receive alimony of $14,498 per year; and that using his 1959 income as a criterion he will only have $4,488.67 left after the payment of income tax and alimony. He concludes by stating that this portion of the decree is so ridiculous that no further argument is necessary.

The usual and proper practice of awarding alimony is to do it in such a manner that it will remain within the control of the court, (*Meighen* v. *Meighen,* 307 Ill. 306,) and this is ordinarily done by providing for an award of periodic allowances payable in such amounts and at such intervals as may best accommodate the means and the needs of the parties. (*McGaughy* v. *McGaughy,* 410 Ill. 596.) The court may, however, under certain circumstances order the husband or wife, as the case may be, to pay to the other party such sum of money, or convey to the other party property, payable or to be conveyed either in gross or by installments as settlement in lieu of alimony. (Ill. Rev. Stat. 1959, chap. 40, par. 19.) Here the decree provides that plaintiff is to have certain real and personal property and the sum of $130,310 which is to be paid in installments for a time certain. Since the award is for a definite amount of property and money and since the money is payable in installments for a definite length of time, the award is one in gross in lieu of any other support

payments. (See *Walters* v. *Walters,* 341 Ill. App. 561 affirmed 409 Ill. 298.) The defendant has not argued that the court erred in failing to follow the usual and customary practice of awarding alimony and we need not therefore determine whether the circumstances of this case justify the award of property and a fixed sum of money in lieu of alimony.

In determining whether an award of alimony is excessive, consideration must be given to the means of the parties, their needs and their station in life. (See *Everett* v. *Everett,* 25 Ill.2d 342.) Various factors to be considered in fixing alimony are discussed in Scheineman "Alimony and Its Enforcement," (1949 U. Ill. L. F. 654) and in Goldblatt, "What Every Lawyer Should Know About Alimony." (43 I.B.J. 214.) These considerations have not been argued. Furthermore, since this award was for a definite amount in lieu of alimony still other considerations would become material. A comparison of the size of the award, or one of the installments thereof, with the yearly income of the defendant, cannot be used as the basis for determining whether the award is excessive. The error in using such a comparison becomes apparent when it is remembered that after the award is paid plaintiff will receive nothing and yet defendant might be earning as much or more than he is now. A comparison of the yearly sum to be received by plaintiff for the next 9 years with defendant's 1959 income does not show the award of $130,310 to be excessive.

Defendant points out that section 18 of the Divorce Act (Ill. Rev. Stat. 1959, chap. 40, par. 19) provides that "a party shall not be entitled to alimony and maintenance after remarriage." The award in this case, however, was one in lieu of alimony, and section 18 goes on to provide that "regardless of remarriage by such party or death of either party, such party shall be entitled to receive the unpaid installments of any settlement in lieu of alimony ordered to be paid or conveyed in the decree."

Defendants' objection to the award of the parties' dwelling house to plaintiff seems to be that there is no showing that she made a direct or indirect contribution to the purchase of the property. It is apparent, however, that the court awarded plaintiff the home under section 18 of the Divorce Act and not under section 17.

In *Persico* v. *Persico,* 409 Ill. 608, this court noted the difference between a conveyance ordered under section 18 and one ordered under section 17. "Under the Divorce Act as it existed prior to 1949, a court had no authority to compel a conveyance of real estate as alimony or for any other claim arising solely out of the marriage relation. [citations] The only way the spouse awarded a divorce could become entitled to a conveyance of property standing in the name of the other spouse was by alleging and proving equitable ownership in the property or upon the basis of special equities arising out of the particular facts of the case. [Citations] In 1949, section 18 of the Divorce Act relating to alimony, was amended by adding the following sentence: 'The court may order the husband or wife, as the case may be, to pay to the other party such sum of money, or convey to the party such real or personal property, payable or to be conveyed either in gross or by installments as settlement in lieu of alimony, as the court deems equitable.' The plain and unmistakable purpose of the amendment was to authorize a court in a divorce action to compel the conveyance of property from one spouse to the other as a settlement in lieu of alimony. A conveyance of property in lieu of alimony under section 18, as it now stands, is essentially different from a division of the property of the parties under section 17. Consequently, the allegations and proof of special equities or circumstances necessary to sustain a conveyance under section 17 are not applicable. All that is required is that the recipient spouse be entitled to alimony and that the conveyance be equitable." 409 Ill. 608, 611-612.

This leaves the question of whether the trial court erred in impressing a lien on defendant's personal property to secure the payment of the award. *Yelton v. Handley,* 28 Ill. App. 640, involved a situation where an alimony decree was declared to be a lien on real and personal property of defendant. The court observed that section 44 of the Chancery Act, relating to the lien of a money decree, and section 45 of that act, relating to the lien of other decrees, each referred only to liens on real estate. Applying the rule of *expressio unius exculsio alterius est,* the court held that an alimony decree could not be made a lien on personal property. This holding was followed or approved in *Griswold v. Griswold,* 111 Ill. App. 269; *Peck v. Peck,* 214 Ill. App. 41; and *Williams v. Williams,* 279 Ill. App. 274. Sections 44 and 45 of the Chancery Act (Ill. Rev. Stat. 1959, chap. 22, pars. 44 and 45,) have not been amended to specifically give a court the power to make an alimony decree a lien on personal property nor has the legislature made such provision in the Divorce Act. The legislature has acquiesced in the holding of the *Yelton* case, which was decided in 1887 and has been followed on several occasions, and we would not now be justified in reaching a different result. See *Knierim v. Izzo,* 22 Ill.2d 73.

The decree of the circuit court of Coles County is reversed in so far as it failed to give full faith and credit to the Nevada decree and granted plaintiff a divorce, and is remanded for the entry of a decree not inconsistent with the views herein expressed; it is reversed in so far as it made the monetary payments required by the decree a lien on the personal property of defendant; in all other respects the decree is affirmed.

*Affirmed in part and reversed in part and remanded, with directions.*