FLOYD S. JOHNSON, Plaintiff-Appellant, *v*. ALBERT HAWKINS *et al.*, Defendants-Appellees

(No. 11506; ▮▮▮▮▮)

Fourth District—March 8, 1972.

Gordon W. Neilson, of St. Louis, Missouri, and James A. Frederick, of Springfield, for appellant.

Giffin, Winning, Lindner, Newkirk & Cohen, of Springfield, (Grady E. Holley and Alfred F. Newkirk, of counsel,) for appellees.

Mr. JUSTICE SMITH delivered the opinion of the court:

This is an appeal from an order denying a petition to vacate or declare void an order dismissing a complaint for failure of the Plaintiff to answer interrogatories. The complaint was filed on March 12, 1968, alleging in one count that the Plaintiff was injured by reason of the negligence of Defendants Clarence Painter and The Bruce Company and by reason of the willful and wanton misconduct of Defendant Albert Hawkins. In April, 1968, interrogatories were filed and served upon the Plaintiff by Defendants Painter and Bruce. In May, objections were

filed to the interrogatories and Defendants Bruce and Painter filed a motion to strike objections and for a rule on Plaintiff to answer the interrogatories. On May 21, 1968, the court struck the objections to the interrogatories and 28 days were given for filing answers to the interrogatories. On July 16, 1968, a motion was filed with proof of service to strike the complaint by Defendants Bruce and Painter for failure of Plaintiff to answer interrogatories. A notice with an affidavit of proof of service was filed setting the motion to strike the complaint for hearing and on July 26, 1968, the complaint was stricken by court order for failure to answer the interrogatories. The court found that there had been proper proof of service and directed that the Defendants give notice of the order to Plaintiff.

Some two years and two months later, on September 24, 1970, a petition was filed to declare the order of July 26, 1968 void or in the alternative to vacate the order. In this petition, Plaintiff's attorney alleges that he obtained knowledge of that dismissal on September 4, 1970, and that prior to that time he did not have any knowledge of the order of dismissal. The petition in substance alleged that the attorney for Plaintiff was not given any notice by opposing counsel or anyone else of the motion to strike the interrogatories being set, that he reviewed his file and did not find, nor did he recall receiving, the motion to strike the complaint, and that he never received a copy of the court order of July 26, 1968. This petition to reinstate was denied on December 16, 1970, the court having found that Plaintiff did have notice of the hearing on the motion to strike.

■■ It is well settled that a void judgment may be set aside at any time. (*Reynolds v. Burns*, 20 Ill.2d, 179; 170 N.E.2d 122; *Bratkovich v. Bratkovich*, 34 Ill.App.2d 122, 180 N.E.2d 716.) Laches do not apply in setting aside a void judgment for if the judgment is void, it is without any legal effect. *Irving v. Rodriquez*, 27 Ill.App.2d 75, 169 N.E.2d 145; *In re Petition* of *Stern*, 2 Ill.App.2d 311, 120 N.E.2d 62.

The Illinois Supreme Court stated in *Baker v. Brown*, 372 Ill. 336, 23 N.E.2d 710 as follows on page 340:

"The general rule is, a judgment rendered by a court having jurisdiction of the parties and the subject matter, * * * is not open to contradiction or impeachment in any collateral action or proceeding, except for fraud in its procurement, * * *".

See also *Parker v. Board of Trustees of Southern Illinois University*, 74 Ill.App.2d 467, 220 N.E.2d 258 and the cases cited therein.

■■ The Plaintiff contends that fraud was committed by failing to give notice to the opposite parties of the various motions, hearing dates, and court orders; therefore, according to Plaintiff, this order is void and

subject to attack at any time. The Plaintiff, however, fails to distinguish between the two types of fraud that the courts have historically noted—fraud in obtaining jurisdiction and fraud after the jurisdiction has been obtained. In *Schwartz v. Schwartz*, 27 Ill.2d 140, 188 N.E.2d 673, the court stated on pages 144-145 as follows:

"This court has long differentiated between fraud which gives the court only colorable jurisdiction and fraud which occurred after the court acquired jurisdiction, such as obtaining an order or decree by false testimony or concealment. It is only fraud which gives a court colorable jurisdiction that renders a decree void."

(See also *People v. Sterling*, 357 Ill. 354, 192 N.E. 229; *Irving v. Rodriquez*, 27 Ill.App.2d 75, 169 N.E.2d 145; and *Beck v. Lash*, 303 Ill. 549, 136 N.E. 475.) Other cases have held that where an order has exceeded the statutory basis for its order or decree, this decree is void, as the court did not have jurisdiction over the subject matter. (See *Ward v. Sampson*, 395 Ill. 353, 70 N.E.2d 324 and the cases cited therein.) It is manifestly obvious that all claimed fraud should not render a decree void or subject to collateral attack. If this were so, there would be no finality to any judgment as void orders or decrees are subject to attack at any time in any proceeding. This rule is not as harsh as it may first appear because Section 72 of the Civil Practice Act provides a method for obtaining relief within the limitations therein set forth.

■■ The fraud alleged here did not create a void order. The court did have jurisdiction over the parties and the subject matter and the purported fraud was one of failing to send notices. Such failure does not render the decree void but merely voidable.

■■ The question then becomes whether this order may be attacked under Section 72 of the Civil Practice Act as a voidable order. This section provides in part as follows:

"(1) Relief from final orders, judgments and decrees, after 30 days from the entry thereof, may be had upon petition as provided in this section. * * *

(3) The petition must be filed not later than 2 years after the entry of the order, judgment or decree. Time during which the person seeking relief is under legal disability or duress or the ground for relief is fraudulently concealed shall be excluded in computing the period of 2 years." Ill. Rev. Stat. 1969, ch. 110, par. 72.

This petition was filed on September 24, 1970. The order striking the complaint was entered on July 26, 1968. The two-year limitation of subsection (3) has been strictly construed by other courts and this court cannot, even if the circumstances were believed to warrant it, and they are not, extend this limitation by judicial fiat. *Estate of Arcicov*, 94 Ill.

App.2d 122, 236 N.E.2d 365; *Athletic Association of University of Illinois v. Crawford*, 43 Ill.App.2d 52, 192 N.E.2d 556.

■■ Furthermore this court is not impressed by the argument that the record was so deficient that fraudulent concealment could be established, thus tolling the two year period. Attached to the motion to strike the interrogatories and on the motion to strike the complaint was a certification as to the proof of service. There was filed a notice of hearing of the motion to strike the complaint with proof of service attached and the Plaintiff did not deny receiving that notice. In fact, his affidavit is silent as to any statement about this notice of hearing. The Plaintiff's attorney states that he reviewed his file and did not find the motion to strike the complaint in it and that he did not recall having received it. This is perfectly consistent with the notice having been sent. It is also to be noted that there appeared at this time to be an attorney in the Plaintiff's attorney's office who was handling the matter, not the attorney who filed the affidavit. No affidavit appears on file as to his lack of notice and it is perfectly consistent that he had notice of this matter as he appeared to be handling the litigation. It, therefore, does not appear that a case can be made from the affidavit on file rebutting the *prima facie* proof of service, let alone a case of fraudulent concealment.

The Plaintiff cites *Weiner v. Checker Taxi Co., Inc.*, 124 Ill.App.2d 401, 260 N.E.2d 439, to support his contentions. The factual situation is inapplicable therein for the reason that the court found an intentional fraud and deception preventing the Plaintiff's attorney from obtaining notice. No such facts are apparent herein and as such, there is no tolling of the two-year limitation.

■■■ Laches also bars the right of the Plaintiff to reinstate this case. The plaintiff as well as the defendant has the duty and obligation to follow the cases in which he is a litigant. It is, of course, desirable and fundamental to our system of jurisprudence that the litigants be given an opportunity to have their cases decided upon the merits. However, as a corollary to this, it is necessary that there be a prompt and expedient determination of the matters in dispute and a finality to this determination. Relief under Section 72 of the Civil Practice Act is discretionary with the court; it is granted only upon a showing of due diligence and the remedy is not designed to relieve a party from his own neglect. *Goldman v. Checker Taxi Co., Inc.*, 84 Ill.App.2d 318, 228 N.E.2d 177; *Thompson v. Carson Pirie Scott & Co.*, 106 Ill.App.2d 463, 246 N.E.2d 131; *Danforth v. Checker Taxi Co., Inc.* 114 Ill.App.2d 471, 253 N.E.2d 114.

An annual review by the Plaintiff's attorney of the cases he is handling would clearly have revealed the dismissal. The Plaintiff's attorney, in his

affidavit, did not deny that he received the notice of the motion to strike. This would have been sufficient to put him on notice. For a period in excess of two years after this complaint had been dismissed, the Plaintiff's attorney did nothing. In the opinion of this court, this case is controlled by *Esczuk v. Chicago Transit Authority*, 39 Ill.2d 464, 236 N.E.2d 719. The Appellate Court in that case reversed the trial court which dismissed the case for want of prosecution. The Supreme Court reinstated the order of the trial court dismissing the case and stated on pages 468—9:

"To adopt the view of the appellate court would be to unduly broaden section 72 to permit or even to compel reinstatement of any case dismissed for want of prosecution within two years of dismissal if evidence of notice could not be affirmatively presented. Equity and an ordered concept of justice does not require such a result."

For the foregoing reasons, the order of the trial court denying the reinstatement of this case is affirmed.

Order affirmed.

TRAPP, P. J., and CRAVEN, J., concur.