**Robert D. BITTNER, Appellant,**

**v.**

**Audrey Ann Bittner BUTTS, and Terminal Railroad Association, Respondents.**

**No. 57826.**

Supreme Court of Missouri,
Division No. 1.

Sept. 9, 1974.

Motion for Rehearing or to Transfer to Court en Banc Denied Oct. 14, 1974.

Sidney Rubin, St. Louis, for appellant.

Jack B. Schiff, Clayton, for respondents.

WELBORN, Commissioner.

Appeal from order overruling motion to quash execution and garnishment in aid thereof.

In February, 1971, Audrey Ann Bittner (Butts) filed a petition for registration of foreign judgment in the St. Louis County Circuit Court. Rule 74.79, V.A.M.R. The judgment involved was that of a District Court of Nevada in the cause of Robert D. Bittner v. Audrey Ann Bittner, entered March 11, 1970, by which plaintiff was ordered to pay defendant $50 per week for support of a minor child. The petition for registration alleged that $400 was due on the judgment. The court ordered the judgment registered.

On May 1, 1971, plaintiff filed an answer in the form of a general denial to defendant's petition for registration. On July 1, 1971, plaintiff filed a motion for modification of the Nevada judgment, alleging that the matter arose out of a decree of divorce granted plaintiff by the Nevada court in 1963. The motion alleged that the decree gave custody of a minor child to defendant and ordered payment of $25 per week for his support. The motion alleged that the 1970 modification was made without hearing evidence and that it was therefore invalid as denying due process of law. The motion prayed that the 1970 decree be set aside and that a new decree be entered requiring payment of $25 per week for support of the child. In response to request for admission, plaintiff acknowledged that he had been represented by an attorney at the 1970 modification hearing.

An amended motion for registration of the Nevada judgment was filed September 8, 1971, alleging that $1,081.50 was then due on the judgment.

Plaintiff filed an answer to the amended motion. He denied that the judgment could be registered because of his pending motion for modification. He also alleged that the amended decree was obtained under circumstances which denied him due process of law. On January 26, 1972, the court entered its order registering the judgment.

On December 2, 1971, defendant filed a request for execution and garnishment to be directed to the Terminal Railroad Association of St. Louis. Following registration of the judgment, execution issued.

On February 8, 1972, plaintiff filed a motion to quash the levy and garnishment. The motion alleged:

1. That the Nevada judgment is void and unconstitutional.

2. That defendant's petition for registration of the judgment had been denied by plaintiff and, therefore, there was no valid personal judgment on which further levy and garnishment can be had.

3. The Uniform Enforcement of Foreign Judgments Law, § 511.760, RSMo 1969 V.A.M.S. (Rule 74.79), is unconstitutional because it authorizes levy during pendency of registration proceeding, thereby denying plaintiff due process of law under the federal and state constitutions. "Further the freezing of wages garnished, before a determination of the right of the defendant to a final personal judgment is a violation of plaintiff's rights to Due Process of Law under the Constitution of the United States and the State of Missouri."

The motion prayed that the levy and garnishment be set aside "and the wages that the Garnishee and/or the custodian of the funds held thus far under the said garnishment be ordered and directed returned to the plaintiff * * *."

The trial court overruled plaintiff's motion and plaintiff has appealed from such order.

The contention of appellant here is that the trial court's denial of his motion was error because subsection 6 of the Uniform Enforcement of Foreign Judgments Law, authorizing levy under a foreign judgment

any time after its registration, is unconstitutional because it deprived him of his property or its unrestricted use before the hearing determining the validity of the underlying claim on which the execution and levy were based. Principal reliance of appellant is upon the decision of the United States Supreme Court in Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969). In that case the court held violative of the due process clause of the Fourteenth Amendment to the Constitution of the United States a Wisconsin statute which authorized prejudgment attachments and garnishments where the money subject to garnishment was held pending a hearing even though defendant was personally served with process.

Missouri has adopted the Uniform Enforcement of Foreign Judgments Law. Laws of Mo.1951, p. 358, § 511.760, RSMo 1969, V.A.M.S. It appears as Rule 74.79 of this Court.

Registration of a foreign judgment involves filing of a petition for registration, accompanied by a properly authenticated copy of the foreign judgment authenticated graph 3). After registration, the petitioner may have a summons issued and served upon the judgment debtor (subparagraph 4) or if jurisdiction of the person cannot be obtained, notice shall be given the debtor by mail (subparagraph 5). If the judgment debtor fails to plead within 30 days after jurisdiction over his person is obtained, or if the court after a hearing refuses to set the registration aside, "the registered judgment shall become a final personal judgment of the court in which it is registered" (subparagraph 7). The judgment debtor may present any defense, set-off or counterclaim which may be asserted by the defendant in an action on a foreign judgment (subparagraph 8). An order setting aside a registration is a final judgment in favor of the judgment debtor (subparagraph 10). Appeals may be taken

from judgments sustaining or setting aside a registration (subparagraph 11).

Appellant's attack is directed at subparagraph 6, reading as follows:

"At any time after the registration and regardless of whether jurisdiction of the person of the judgment debtor has been secured or final judgment has been obtained, a levy may be made under the registered judgment upon any property of the judgment debtor which is subject to execution or other judicial process for satisfaction of judgments."

In Beneficial Finance Company v. Yellow Transit Freight Lines, Inc., 450 S.W. 2d 222 (Mo.App.1969), the court held that subparagraph 6 authorized a garnishment in aid of execution to issue on a foreign judgment upon its registration, before the final judgment under the act has been entered. The court stated (450 S.W.2d 226 [3]):

"The right of levy under the Act upon registration of the judgment is one of execution as upon a domestic judgment. In this case, the rights of the judgment creditor are those which stemmed from the procedure appropriate to garnishment after, not before, judgment."

The question is whether or not this procedure runs afoul of the requirements of Sniadach. That case involved prejudgment procedures for garnishment of wages under Wisconsin law. Under that law, upon request of the creditor, summons to garnishee issued from the clerk. Service of such summons had the effect of freezing 50% of the debtor's wages. The creditor was given ten days within which to serve summons and complaint on the debtor after service on the garnishee. The court held that "this prejudgment garnishment procedure violates the fundamental principles of due process." 395 U.S. 342, 89 S.Ct. 1823. The deficiency lay in "the interim freezing of the wages without a chance to be heard." 395 U.S. 340, 89 S.Ct. 1822. In

his concurring opinion, Mr. Justice Harlan stated:

"\* \* \* I think that due process is afforded only by the kinds of 'notice' and 'hearing' which are aimed at establishing the validity, or at least the probable validity, of the underlying claim against the alleged debtor *before* he can be deprived of its property or its unrestricted use." 395 U.S. 343, 89 S.Ct. 1823.

Under the Uniform Enforcement of Foreign Judgments Law, the underlying validity of the claim has been established by a judgment of a court of another state. That matter is not even for consideration in the Missouri court. United States Constitution, Art. IV, § 1. See Fauntleroy v. Lum, 210 U.S. 230, 28 S.Ct. 641, 52 L.Ed. 1039 (1908). There are limited defenses which may be made to the validity of the foreign judgment. See Sedler, Recognition of Foreign Judgments and Decrees, 28 Mo.Law Rev. 436, 444–466 (1963). Although subparagraph 6 does permit a levy and garnishment before the obligation becomes a judgment of the court of this state, the basic requirement of right to a hearing has been met in the court of the original judgment. There is nothing in Sniadach or for that matter the later case of Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), which calls for the conclusion that subparagraph 6 of the Uniform Enforcement of Foreign Judgments Law is violative of the requirement of due process of law.

Judgment affirmed.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.