*In re* ADOPTION OF LORETTA RAYBORN, a Minor.—(JOSEPH M. SPOTO *et al.*, Appellees, *v.* RICHARD RAYBORN, Appellant.)

(No. 61236; )

First District (3rd Division)—October 2, 1975.

Friend and Steponate Associates, of Chicago (Frank T. Steponate, of counsel), for appellant.

Joelson & Thomas Associates, of Harvey (O. Kenneth Thomas, of counsel), for appellees.

PER CURIAM (Before McGloon, P. J., McNamara and Mejda, JJ.):

Richard Rayborn, petitioner, filed a petition pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72), seeking vacatur of a decree of adoption which provided that his natural child, Loretta Rayborn, be the child of respondents, Joseph M. Spoto and Loretta Spoto, his wife. After a hearing on respondents' motion to dismiss, the section 72 petition was dismissed without further proceedings. Petitioner appeals, contending that his delay in filing the petition beyond 2 years from the date of the entry of the adoption decree was occasioned by and justified on the basis of legal disability, duress and fraud, thereby tolling the statute of limitations and permitting him to proceed on the section 72 petition.

Petitioner and respondent Loretta Spoto were originally married to each other; the minor child, Loretta Rayborn, was born of that marriage in September 1958. The marriage ended in divorce in December 1960 and custody of the child was granted to the mother. On August 13, 1971, the respondents filed the original action herein, a petition to adopt the child. On June 21, 1971, petitioner had executed before the clerk of the circuit court a written consent to the adoption, and the decree was entered on September 17, 1971, finding in part that the respondents were "reputable persons of good moral character" and that petitioner was of legal age and under no legal disability.

The section 72 petition was filed on June 8, 1974, and sought vacatur of the adoption decree on the grounds that petitioner was fraudulently induced to execute the adoption consent; that respondents fraudulently misrepresented facts in the original action which, if known to the court, would have prevented the entry of that decree; and that although petitioner had known since December 10, 1971, that he had executed a written consent to his daughter's adoption, he was prevented from challenging the decree due to legal disability. Petitioner's affidavit that he was diligent in filing the instant petition and that he had a good defense to the original action accompanied the petition.

Respondents filed a motion to dismiss the petition on the ground that it was filed beyond the period of limitation prescribed by section 72(3), and that it failed to allege any legal disability which would justify tolling the statute of limitation and was filed for harrassment purposes only.

Petitioner's answer to the motion to dismiss expanded upon the matters alleged in the petition. It alleged that petitioner, while under heavy medication and not represented by legal counsel, was "railroaded" into signing the adoption consent in that he had assumed he was signing a waiver of his visitation rights in connection with the 1960 decree of divorce; that respondent Joseph Spoto misrepresented to the original trial court that he was of good moral character, whereas in fact he had a long police and prison record; and that petitioner was under a legal disability from the time he became aware that he had executed the adoption consent until the filing of the instant petition, as he was under medication for a series of accidents which prevented him from acquiring gainful employment to secure legal counsel.

During the hearing on the motion to dismiss the petition the trial court commented that petitioner became aware in December 1971 that he had in fact executed a written consent for the adoption of his minor daughter, but that he had taken no legal action until June 1974, more than two years later.

■■ The remedy provided in section 72 of the Civil Practice Act is not designed to relieve a party from the consequences of his own negligence. (*Johnson v. Hawkins* (1972), 4 Ill.App.3d 29, 280 N.E.2d 291.) Subsection (3) of section 72 provides that the petition must be filed not later than two years after entry of the challenged judgment, order or decree, but that the time "during which the person seeking relief is under legal disability or duress or the ground for relief is fraudulently concealed" shall be excluded in computing such period. (Ill. Rev. Stat. 1973, ch. 110, par. 72(3).) The three grounds raised by petitioner in the petition have confused the grounds for relief under that section with the grounds necessary to justify a delay in filing the petition beyond the limitation period.

As to the ground advanced that petitioner did not know he was executing an adoption consent in June 1971, the section 72 petition admits that he has been aware since December 10, 1971, that he had executed the consent. Such awareness occurred more than two years prior to the filing of the petition, and since concealment, if any, of such ground would have tolled the limitation period under the terms of subsection (3) for only so long as such concealment existed, it was incumbent upon petitioner to have filed his petition based on such ground within two years from December 10, 1971.

Regarding the allegation that the moral character of Joseph Spoto was misrepresented in the original action, petitioner has failed to state when such fact came to his attention; it is therefore not possible to compute a period of time during which such alleged concealment could have tolled the limitation period. The petition is deficient on its face in this regard.

Petitioner's third allegation, that he was under legal disability and duress from December 1971 until the filing of the petition, is patently without merit and cannot serve to toll the running of the limitation period. He was neither mentally incompetent nor under age during that period; the fact that he may have been ill, unemployed and without funds to retain counsel cannot, under the circumstances, constitute legal disability or duress. See, *e.g., Burns v. People* (1956), 9 Ill.2d 477, 480, 138 N.E.2d 525; *Withers v. People* (1961), 23 Ill.2d 131, 133-134, 177 N.E.2d 203.

■■ Petitioner's further argument, raised for the first time on this appeal, that he consulted with several attorneys and, to his detriment, relied upon their advice that he had no grounds for relief and had foregone legal proceedings until he was able to find counsel who would pursue the matter, is also without merit. Petitioner was aware of the grounds upon which the instant petition is predicated for more than two years

before its filing and was under no legal disability or duress which could have justified his failure to act during the period of limitation.

For the foregoing reasons, the order of the circuit court of Cook County dismissing the section 72 petition without a hearing is affirmed.

Order affirmed.