**YOUNG ELECTRIC, INC.,**
**Plaintiff-Respondent,**

v.

**Harold J. SUSMAN and Arlene R. Susman, Defendants-Appellants.**

**No. 36451.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

Dec. 23, 1975.

Rehearing Denied Feb. 26, 1976.

Lamar E. Ottsen, Jr., Thomas, Busse, Goodwin, Cullen, Clooney & Ottsen, St. Louis, for defendants-appellants.

Raskas, Ruthmeyer, Schneider & Pomerantz, Bernard A. Ruthmeyer, St. Louis, for plaintiff-respondent.

GUNN, Judge.

Defendants-appellants appeal from a decision of the St. Louis County circuit court enforcing an Illinois judgment in favor of plaintiff-respondent under the provisions of the Uniform Enforcement of Judgments Law, § 511.760 RSMo 1969; Rule 74.79.

The determinative issue of this appeal is whether we are to give full faith and credit to the Illinois judgment registered with the St. Louis County circuit court. We find that we are obligated to do so and affirm the judgment.

The Missouri phase of this action began with a petition filed by plaintiff in St. Louis County circuit court alleging that in 1968 the St. Clair County Illinois circuit court had entered judgment for plaintiff and against defendants for $26,955.97, plus costs. Plaintiff also alleged that defendants failed to satisfy any portion of the judgment and that it remained outstanding and unmodified. An authenticated copy of the Illinois judgment order reciting the entry of a summary judgment in favor of plaintiff was also filed, and the Illinois judgment was registered by order of the St. Louis County circuit court.

Defendants answered the Missouri court petition, admitting that the judgment had been entered against them and had not been satisfied. But defendants prayed that the registration of judgment be set aside on the ground that the Illinois judgment had been procured by fraud as a result of material misrepresentation contained in plaintiff's affidavit filed in the Illinois circuit court in support of plaintiff's motion for summary judgment in Illinois. Defendants attached as exhibits to their answer copies of the promissory note and guarantee which were the subject of the Illinois judgment and a copy of defendants' counter affidavit in opposition to plaintiff's motion for summary judgment before the Illinois court.

At the hearing of the case before the St. Louis County circuit court, plaintiff presented only the certified and authenticated copy of the Illinois judgment order entered against defendants and defendants' answer admitting that no payment had been made by or on behalf of defendants in satisfaction of the Illinois judgment. Plaintiff requested that interest be added to the amount of the Illinois judgment in accordance with Illinois law (S.H.A. ch. 74 § 3 (1966)) as provided for by Rule 74.79(n).

Over plaintiff's objection, defendants offered evidence intended to prove that the Illinois judgment had been accomplished on an alleged fraudulent affidavit of plaintiff. The trial court heard defendants' evidence subject to plaintiff's objection that the Illinois judgment was entitled to full faith and credit, U.S.Const. Art. IV, § 1, and could not be collaterally attacked by defendants on the basis of alleged misstatements in the affidavit going to the merits of the cause. At the conclusion of defendants' case, the trial court sustained plaintiff's objection to defendants' evidence in its entirety and granted judgment in favor of plaintiff for $26,955.97 plus interest and costs.

Defendants syllogize: 1) that Missouri is not constitutionally required to enforce an Illinois judgment procured by fraud; 2) that the evidence offered by defendants concerning fraudulent misstatements in plaintiff's supporting affidavit for summary judgment was relevant and material to establish fraud in the procurement of the Illinois judgment; 3) that the Missouri trial court was, therefore, in error in sustaining plaintiff's objection to such evidence.

■ In this court tried case, we review the matter de novo on both the law and the evidence, *Tharp v. Oberhellmann*, 527 S.W.2d 376 (Mo.App.1975). We briefly summarize the testimony and exhibits concerning the Illinois action offered by defendants in the Missouri trial court and which were subsequently stricken. The summary judgment granted by the Illinois court in favor of plaintiff was based on a cause of action arising out of a promissory note secured by a written guarantee. The affidavit executed by the president of the plaintiff corporation and filed in support of plaintiff's motion of summary judgment in the Illinois action stated that defendant Harold Susman, doing business as H. Susman Construction, Inc., gave plaintiff a promissory note secured by a guarantee executed by Harold Susman and his wife, Arlene Susman, as individuals. Defendants' evidence which was stricken in the Missouri

trial court was intended to show that plaintiff's affidavit for summary judgment contained fraudulent misstatements, in that plaintiff's president knew, or should have known, that H. Susman Construction, Inc., was a viable corporation; that the promissory note was a corporate, not personal, obligation; that although the guarantee had been executed by defendant Harold Susman personally, it had not been executed by defendant Arlene Susman.

■ Full faith and credit requires that the judgment of a state court with jurisdiction of the parties and the subject matter "be given in the courts of every other State the same credit, validity and effect which it has in the State where it was rendered, and be equally conclusive upon the merits; and that only such defenses as would be good to a suit thereon in that State can be relied on in the courts of any other State." *Roche v. McDonald*, 275 U.S. 449, 451–52, 48 S.Ct. 142, 143, 72 L.Ed. 365 (1928); *Bittner v. Butts*, 514 S.W.2d 556, 559 (Mo.1974). Thus, the Illinois judgment is subject to collateral attack in Missouri on the ground of fraud only if, upon the facts shown to the court, equitable relief could be obtained against the judgment in the state of rendition—in this case, Illinois. It is sufficient if relief in the original forum is available by collateral attack or by independent action in equity. *Roche v. McDonald*, supra; *Roseberry v. Crump*, 345 S.W.2d 117, 119 (Mo. 1961), on transfer, 353 S.W.2d 825 (Mo.App. 1961); Restatement Second, Conflict of Laws, § 115 (1969); Sedler, *Recognition of Foreign Judgments and Decrees*, 28 Mo.L. Rev. 432 (1963). And since defendants do not challenge that the Illinois circuit court had jurisdiction over both the subject matter and the parties in the original action on the note in St. Clair County, it is presumed that the Illinois court had authority to render the judgment and exercised jurisdiction properly over the persons. *Venator v. Venator*, 512 S.W.2d 451, 453 (Mo.App.1974); *O'Neill v. Winchester*, 505 S.W.2d 135 (Mo. App.1974). A party attacking a foreign judgment on the basis of fraud has the burden of overcoming the presumption of validity, unless the proceedings on their face show that the judgment is not entitled to that presumption. *Scott v. Scott*, 441 S.W.2d 330, 333 (Mo.1969); *O'Neill v. Winchester*, supra.

■ It is recognized in Illinois that a judgment is subject to collateral attack only in situations in which jurisdiction or colorable jurisdiction was based on fraud. *Schwarz v. Schwarz*, 27 Ill.2d 140, 188 N.E.2d 673, 676 (1963); *Johnson v. Hawkins*, 4 Ill.App.3d 29, 280 N.E.2d 291 (1972). Direct equitable relief against the enforcement of a judgment is available only on the ground of extrinsic or collateral fraud, that is, fraud going to the procurement of the judgment and which deprives a complainant of an opportunity to present a claim or defense or prevents him from appearing in court without any fault or negligence on his part. *People v. Sterling*, 357 Ill. 354, 192 N.E. 229, 233 (1934). In no event will intrinsic fraud alone, such as false testimony, false assertions of liability or false documents, authorize equitable relief, either by way of collateral attack or an independent action in equity. *People v. Sterling*, supra, 192 N.E.2d at 233; *Beck v. Lash*, 303 Ill. 549, 136 N.E. 475 (1922); *Coolbaugh v. Coolbaugh*, 33 Ill.App.2d 444, 178 N.E.2d 702 (1962); *In re Luer's Estate*, 348 Ill.App. 324, 108 N.E.2d 792 (1952); 88 A.L.R. 1201 (1934).[1]

---

1. Although the parties have assumed that Missouri law controlled the resolution of the instant case, we must take judicial notice of Illinois case law under Rule 55.21(b). *See Bartling v. Firestone Tire and Rubber Co.*, 275 S.W.2d 618 (Mo.App.1955); *Hughes Provision Co. v. La Mear Poultry and Egg Co.*, 242 S.W.2d 285 (Mo.App.1951). In any event, the same result is dictated by Missouri law. False swearing or perjury during an adversary proceeding is not sufficient to establish fraud in the procurement of the judgment. *Howey v. Howey*, 240 S.W. 450, 456–7 (Mo.1922) cert. denied 260 U.S. 730, 43 S.Ct. 92, 67 L.Ed. 485 (1922). Missouri cases cited by defendants concern fraud in

Defendants contend that the evidence tending to show that the Illinois summary judgment was based on an affidavit containing alleged fraudulent misstatements is relevant and material to a claim for equitable relief on the basis of fraud against the enforcement of the Illinois judgment. However, it is clear that the statements at issue in the instant case concern intrinsic fraud, that is, the alleged fraudulent conduct of the successful party practiced during the course of the adversary proceeding. Such allegations of fraud are not sufficient to authorize equitable relief under Illinois law.[2] Hence, the trial properly excluded defendants' evidence. The evidence was not relevant or material to establish fraud in the procurement of the judgment. Defendants have attempted to re-try the original Illinois suit by alleging a defense which goes to the merits of the action. The full faith and credit clause precludes any such collateral inquiry by a Missouri court into the merits of the action.

The judgment is affirmed.

SIMEONE, P. J., and McMILLIAN, J., concur.

obtaining the jurisdiction of the court. Cases relied upon by defendants concern a failure to properly assume in personam jurisdiction over the respective defendants because of false statements as to the residence of the defendants made by the successful parties, *Leichty v. Kansas Bridge Co.*, 354 Mo. 629, 190 S.W.2d 201 (Mo. banc 1945), cert. denied 327 U.S. 782, 66 S.Ct. 682, 90 L.Ed. 1009 (1945); *In re Barger*, 365 S.W.2d 89, 98 (Mo.App.1963), and are thus inapposite here.

2. Similarly, in Missouri it is extrinsic fraud, not intrinsic, which is required to vitiate a judgment. *Human Development Corp. v. Wefel*, 527 S.W.2d 652, 655 (Mo.App.1975). The Missouri cases which have specifically dealt with the distinction between the terms extrinsic and intrinsic fraud have done so in the context of actions brought in equity to vacate, set aside or enjoin domestic judgments. See *Hupp v. Murphy Finance Co.*, 502 S.W.2d 345, 349–50 (Mo.1973); *Allen v. Smith*, 375 S.W.2d 874, 879 (Mo.App.1964); *J. R. Watkins Co. v. Hubbard*, 343 S.W.2d 189, 192 (Mo.App.1961). The rule in Missouri providing equitable relief from a judgment on the basis of fraud has been described as follows:

" ' . . . Equity will not interfere with or hold void a judgment at law unless there was fraud in the procurement of the judgment *extrinsic to the matters upon which the judgment was rendered* . . . Intrinsic fraud *which pertains merely to an issue involved in the action in which the judgment was obtained*, is not sufficient to afford equitable relief.' " *Hupp v. Murphy Finance Company*, supra, 502 S.W.2d at 349–50, quoting *Drainage District No. 1 Reformed v. Matthews*, 361 Mo. 286, 234 S.W.2d 567, 573 (1950) (emphasis original).